## BENJAMIN v. PUBLIC SERVICE PUB. CO.

*(City Court of New York, Trial Term. April 24, 1890.)*

**MASTER AND SERVANT—CONTRACT OF HIRING—COMPENSATION.**

Plaintiff rendered services as correspondent for defendant's weekly paper under a contract consisting of plaintiff's proposal by letter that the pay should be "$20 a week, upon the basis of my averaging 2,000 words per week," and defendant's acceptance by letter, stating that "2,000 words a week of correspondence is satisfactory at $20." During the three months that plaintiff worked for defendant he was paid $20 a week. *Held,* that the agreement called for about 2,000 words of correspondence each week, for which plaintiff was to have $20, but that he was not entitled to extra compensation for anything in excess of 2,000 words.

Action by Charles F. Benjamin against the Public Service Publishing Company for services as correspondent, rendered under a contract consisting of plaintiff's proposal by letter to work for "$20 a week, upon the basis of my averaging 2,000 words per week," and defendant's acceptance by letter, stating that the suggestion of "2,000 words a week of correspondence is satisfactory at $20." During the three months that plaintiff worked for defendant he was paid $20 a week. He now claims compensation at the rate of $20 for 2,000 words for correspondence done by him in excess of 2,000 words a week.

*A. H. Ely,* for plaintiff. *Nichols & Bacon,* for defendant.

McADAM, C. J. The Public Service Review was a weekly publication, and the contract contemplated a weekly contribution of literary matter, the compensation for which was to be $20 a week, and the payment of that sum discharged every obligation owing by the defendant under the contract. The expression "averaging 2,000 words per week" was to regulate the size of the article. A substantial performance of this condition was all that was required. For example, an article containing 1,900 words one week and 2,100 the next would probably answer the legal requirement. One hundred words one week and 3,900 the next would not. The entire weekly publication could not well be devoted to the plaintiff's article, no matter how interesting. The Review, like other publications, evidently had a corps of writers, each of whom was entitled to his share of space to suit journalistic requirements. The fact that the plaintiff's article greatly exceeded 2,000 words per week did not increase his compensation, nor could the regular weekly stipend of $20 per week be varied, or enlarged, by any extra exertion of the plaintiff. The hiring was a contract for weekly service at a fixed compensation, and not for an indefinite quantity of matter at one cent a word. The construction is in accord with the acts of the parties, and is evidently what they understood. Their intention, as gathered from the writings, the nature of the subject-matter, and their acts, must prevail. Even when the actual terms of the agreement contradict the manifest intention, the intention governs. Story, Cont. §§ 636, 638. "The best construction," says GIBSON, C. J., "is that which is made by viewing the subject as the mass of mankind would view it, for it may be safely assumed that such was the aspect in which the parties themselves viewed it. A result thus obtained is exactly what is obtained from the cardinal rule of intention." *Navigation Co.* v. *Moore,* 2 Whart. 491. While there is force and merit in the ingenious argument of the plaintiff's counsel, it has failed to change these views. It follows that there must be judgment for the defendant.