SUPERIOR AMBULANCE SERVICE *v.*
CITY OF LINCOLN PARK

1. MUNICIPAL CORPORATIONS—OFFICERS—POWERS.

A municipal corporation speaks through its mayor and city council.

2. MUNICIPAL CORPORATIONS — CONTRACTS — APPOINTIVE OFFICERS — AUTHORITY.

An appointive officer of a municipal corporation has no authority to enter into contracts binding the municipality to pay for services rendered to it by a private corporation, in the absence of any authority properly conferred upon, or delegated to, that officer.

3. MUNICIPAL CORPORATIONS — CONTRACTS — APPOINTIVE OFFICERS — AUTHORITY.

Appointive police chief, whose charter-enumerated duties clearly set limits upon the degree of authority which he could lawfully exercise on behalf of defendant municipality, had no authority to obligate contractually defendant municipality to pay plaintiff ambulance corporation the cost of transporting indigents to a hospital even though plaintiff answered emergency police and fire calls when requested.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur, Municipal Corporations §§ 43, 46.
[2, 3] 37 Am Jur, Municipal Corporations § 53.
[4] 37 Am Jur, Municipal Corporations § 260.
[5] 37 Am Jur, Municipal Corporations §§ 46, 53.
[6] 41 Am Jur, Poor and Poor Laws §§ 40, 41.
[7] 49 Am Jur, Statute of Frauds § 60 *et seq.*
[8–11] 17 Am Jur 2d, Contracts § 3.
[11, 12] 38 Am Jur, Municipal Corporations § 516.
Liability of municipality or other governmental body on implied or quasi contract for value of property or work.  84 ALR 936, 110 ALR 153, 154 ALR 356,

4. MUNICIPAL CORPORATIONS—CONTRACTS—CITY OFFICERS—AUTHORITY TO BIND—NOTICE AT PERIL.

Person dealing with a municipal corporation through its officers must take notice at their peril of the authority of a particular officer to bind a municipality; if that officer's act is beyond the limits of his authority, the municipality is not bound.

5. MUNICIPAL CORPORATIONS—CONTRACTS—LEGISLATIVE BODY—AUTHORITY.

Only the legislative body of a municipal corporation has the authority to bind it by contract and no municipal officer, body, or board, unless empowered by statute, the city charter, or by properly delegated legislative power from the city council, can validly contract in behalf of that city.

6. PAUPERS—COUNTIES—LIABILITY—AMBULANCE SERVICES.

Charges for ambulance services rendered to indigents are the responsibility of a county and not of a city, where such persons are unable to pay for transportation to a hospital or other medical care place, and there are no relatives or other persons liable for the care of such indigents who can pay for that transportation (MCLA § 46.252).

7. FRAUDS, STATUTE OF—ORAL PROMISE—GUARANTEE—DEBT OF ANOTHER.

Police chief's oral promise that defendant city would pay plaintiff for emergency ambulance services rendered at the request of defendant's police and fire departments if plaintiff were unable to collect from the persons served, was void because it was not in writing as required by the statute of frauds (MCLA § 566.132).

8. CONTRACTS—IMPLIED CONTRACT—ABSENCE OF EXPRESS AGREEMENT.

A contract will be implied only when no express contract exists for there cannot be an express and an implied contract for the same thing existing at the same time.

9. CONTRACTS—IMPLIED CONTRACT—ABSENCE OF EXPRESS AGREEMENT.

Only when the parties do not expressly agree will the law interpose and raise an implied promise.

10. CONTRACTS—EXPRESS CONTRACT—IMPLIED CONTRACT.

An express contract, executory in its provisions, totally excludes an implied contract for the same thing.

11. CONTRACTS—STATUTE OF FRAUDS—EXPRESS CONTRACT—IMPLIED
CONTRACT—QUANTUM MERUIT.

No *quantum meruit* recovery can be had upon an implied con-
tract where an express contract, in substance, covers the same
subject matter, even though the express contract is void
because of a failure to comply with the statute of frauds
(MCLA § 566.132).

12. CONTRACTS—FRAUDS, STATUTE OF—IMPLIED CONTRACT—QUANTUM
MERUIT—STATUTE OF FRAUDS.

A *quantum meruit* recovery could not be had upon an implied
contract where an oral express contract between plaintiff and
defendant's police chief covered the same subject matter,
even though that express oral agreement under which am-
bulance services were rendered by plaintiff and accepted by
defendant, was void for failure to comply with the statute
of frauds (MCLA § 566.132).

Appeal from Wayne, Charles Kaufman, J. Sub-
mitted Division 1 June 3, 1969, at Detroit. (Docket
No. 5,467.) Decided October 29, 1969.

Complaint by Superior Ambulance Service, a
Michigan corporation, against the city of Lincoln
Park, a municipal corporation, to recover payment
for ambulance services rendered. Judgment for de-
fendant. Plaintiff appeals. Affirmed.

*Russel J. Comer,* for plaintiff.

*Robert E. Butcher,* for defendant.

Before: HOLBROOK, P. J., and McGREGOR and
BRONSON, JJ.

HOLBROOK, P. J. Superior Ambulance Service, a
Michigan corporation, plaintiff, brought this action
in the Wayne county circuit court to obtain pay-
ment of $3,107 representing ambulance services al-
legedly rendered to the city of Lincoln Park, de-

fendant. The case was heard by the court without a jury on April 4, 1968. Plaintiff corporation had provided ambulance service for the Wayne county and Washtenaw county area including defendant city. A witness for the plaintiff testified to a verbal contract entered into between the plaintiff and the chief of police of the defendant city, whereby plaintiff was to answer all emergency police and fire calls and they (defendant) would take care of payment of the calls. Plaintiff for some years answered the emergency calls of defendant's police and fire departments. From time to time plaintiff submitted bills to the persons who received the service and if they refused or failed to pay, defendant city was billed as guarantor of collections. The persons who did not pay were considered "indigent" by plaintiff corporation. Plaintiff billed the city for such services and presented the bills to defendant's chief of police who examined them before submitting them to the city controller who in turn forwarded the bills to the city council for approval or rejection. Plaintiff received payments from defendant city for services rendered until 1965. In 1966 plaintiff informed defendant by letter that unless payments were forthcoming for services on official calls plaintiff would be forced to discontinue such service. In accord with that letter the ambulance service was subsequently discontinued. The city controller determined that the city was obligated to plaintiff in the sum of $290 for street accident calls made by the police department. After approval by the city council, this sum was paid to plaintiff. Defendant, except for the payment of $290 for street accident ambulance calls, denied liability for the services allegedly rendered by plaintiff.

Defendant city at the close of plaintiff's proofs moved for a judgment of no cause of action, which

was granted. The trial judge at the time made a determination of the facts and stated his conclusions of law thereon in accord with GCR 1963, 504.2 and GCR 1963, 517.1, as amended 1969. From the entry of the judgment filed on April 11, 1968, plaintiff appeals.

The issues to be determined here are restated and dealt with in proper order:

1. *Does a police chief of defendant municipality have authority to enter into contracts binding the municipality to pay for ambulance services rendered by a private corporation, such as plaintiff?*

The plaintiff concedes that no written contract existed between the parties to this action and, further, concedes that a corporation, whether public or private, speaks through its board of directors which, in the case of a municipal corporation, are the mayor and city council. The charter of the City of Lincoln Park, admitted into evidence, provides in ch 5, § 1:

"Sec. 1. *Legislative authority.*—The legislative authority of the city shall be vested in the council, consisting of the mayor and six councilmen."

Plaintiff refers to chapter 4 of defendant's city charter providing for appointment of a chief of police as an appointive officer, for the proposition that as an appointive officer, the police chief may obligate the municipality for the cost of services rendered in emergency cases.

Chapter IV, § 1 of the charter states in part:

"Sec. 1. *Appointive officers and boards enumerated; officers and members, qualifications.—The council shall appoint * * * a city chief of police, * * * The powers and duties of such appointive officers and administrative boards shall be prescribed by the city council subject to the provisions of this charter.* (Emphasis supplied.)

The city charter of defendant municipality, in accord with the above charter provision, has clearly enumerated the duties of the chief of police, thereby setting limits upon the degree of authority which such officer can lawfully exercise on behalf of the municipality. In ch XV, § 6, appears the following:

"Sec. 6. *Chief of police, fire chief; duties.—The chief of the fire department or chief of police shall perform such duties as prescribed for them by law or by this charter amendment or are now or hereafter may be prescribed by ordinance or resolution of the council relating to their respective departments* and shall respectively make such reports as are required by law to the commission of public safety and to the council of the city of Lincoln Park when required so to do." (Emphasis supplied.)

Plaintiff at trial failed to present or cite any statute, resolution or ordinance vesting in defendant's chief of police the necessary authority to bind defendant herein.

In *Utica State Savings Bank* v. *Village of Oak Park* (1937), 279 Mich 568, cited by defendant, the Supreme Court considered the effectiveness of a contract made by municipal officers who were not empowered by the charter to bind the municipality in the manner attempted. The Supreme Court stated, pp 578, 579:

" 'It is fundamental that those dealing with public officials must take notice of their powers. *McBrian* v. *City of Grand Rapids* (1885), 56 Mich 95, 108; *Campau* v. *City of Detroit* (1895), 106 Mich 414, 418.' *Schneider* v. *City of Ann Arbor* (1917), 195 Mich 599, 608.

" 'Persons dealing with a municipal corporation through its officers must at their peril take notice of the authority of the particular officer to bind the

corporation. If his act is beyond the limits of his authority, the municipality is not bound.' *Rens* v. *City of Grand Rapids* (1889), 73 Mich 237, 247.

"See, also, *Moore* v. *City of Detroit* (1911), 164 Mich 543."

In 10 McQuillin, Municipal Corporations (3d Ed, 1966 Rev), § 29.15, pp 269, 273 it is stated:

"The officer, body or board *duly authorized* must act in behalf of the municipality, otherwise a valid contract cannot be created.   *   *   *

"Generally, no officer or board, other than the common council, has power to bind the municipal corporation by contract, *unless duly empowered by statute, the charter, or authority conferred by the common council,* where the latter may so delegate its powers." (Emphasis supplied.)

Count I of plaintiff's amended complaint alleges in part:

"*   *   *   Plaintiff further shows that all of the calls were for indigent residents of the city of Lincoln Park and all services rendered by plaintiff were pursuant to calls from the police department, fire department and other prominent officials of the city of Lincoln Park who would know of the necessity for ambulance services for indigent persons."

Defendant claims that ambulance charges for calls for indigents are the responsibility of the county and not the defendant city and cites CL 1948, § 402.5 (Stat Ann 1968 Rev § 16.146); MCLA § 400.66a [Stat Ann 1968 Rev § 16.466(1)]; and CL 1948, § 46.252 (Stat Ann 1968 Rev § 16.308) which provides:

"Sec. 2. In case any ambulance shall transport any such person to any hospital or other place where medical care and treatment can be provided, and the person so injured and transported is financially unable to pay for such transportation, and there are

no relatives or other persons liable for the care of such person who can pay for such transportation, the cost of such transportation, when approved by the board of supervisors, or the board of county auditors in counties having a board of county auditors, shall be paid from the general fund of the county, in the same manner as other claims which are a liability of the county are paid from the general fund of the county."

The defendant is correct in its contention that charges for ambulance services rendered to indigents are the responsibility of the county.

Plantiff further contends that, without regard to the ability of the individuals to pay for services rendered, it was the duty of defendant city to guarantee the collections whenever plaintiff was unable to collect from the individual served. In the absence of a valid written contract whereby defendant city would assume the burden of payment to plaintiff corporation for services rendered at the request of defendant's police or fire departments, an oral agreement to that effect is contrary to the statute of frauds and is void, as defendant contends. CL 1948, § 566-.132 (Stat Ann 1953 Rev § 26.922).

2. *Where an unenforceable express contract made by defendant's Chief of Police is alleged, and supported by the testimony, is plaintiff precluded from successfully asserting liability on a* quantum meruit *theory for the same services rendered?*

In Count I of plaintiff's amended complaint, an express contract is alleged. In Count II of its amended complaint, plaintiff alleges liability of defendant city in *quantum meruit* for the same services which it alleged in Count I to have performed under express contract.

In *Sullivan* v. *Detroit, Ypsilanti & Ann Arbor Railway* (1904), 135 Mich 661, 667 the Supreme Court stated:

"A contract will be implied only when no express contract exists. If A. makes an express contract with B. to perform services for C., C. is not liable on an implied contract because he received the benefit. The two contracts cannot exist together, governing the same transaction.

" 'As in physics two solid bodies cannot occupy the same space at the same time, so in law and common sense there cannot be an express and an implied contract for the same thing existing at the same time. This is an axiomatic truth. It is only when parties do not expressly agree that the law interposes and raises a promise.' *Walker* v. *Brown* (1862), 28 Ill 378, 383 (81 Am Dec 287). * * *

"In *Walker* v. *Brown,* S., assuming to act for himself and for defendants, made a contract with plaintiffs to perform certain work. The work was done, but S. had no authority to bind defendants. Thereupon plaintiffs sought to recover from defendants upon an implied contract for the value of the work, which was beneficial to them. The court held that the express contract, executory in its provisions, totally excluded any implication of an implied one."

See also *Schurr* v. *Savigny* (1891), 85 Mich 144.

We follow the above-quoted language of Justice GRANT and hold that there can be no recovery in *quantum meruit* upon an implied contract where an alleged express contract, in substance, covers the same subject-matter, *Boughton* v. *Boughton's Estate,* (1896), 111 Mich 26, even though the express contract is void. See *Krause* v. *Boraks* (1954), 341 Mich 149 where the Court held that no recovery may be had under a *quantum meruit* count for services rendered and accepted under an agreement which is rendered void for failure to comply with the statute of frauds.

Other questions raised by plaintiff do not merit determination because plaintiff is not entitled to re-

cover under either theory advanced in support of defendant's liability for services rendered.

Affirmed, costs to defendant.

All concurred.