JOHNSON v CITY OF MENOMINEE

Docket No. 103177. Submitted October 6, 1988, at Marquette. Decided December 19, 1988.

In 1979, Robert L. Johnson, after being advised by the Personnel and Labor Committee of the City of Menominee that appointment to the position of city engineer was for a two-year period but that no one had ever not been reappointed by the mayor and that, as long as he performed his duties, he would always have a job with the city, accepted the appointment. He was reappointed as city engineer in 1980, 1982, and 1984. On February 3, 1986, Mayor Vernon Anderle did not reappoint Johnson as city engineer. Johnson and his wife, Jane Johnson, filed a complaint against the City of Menominee and Vernon Anderle in Menominee Circuit Court alleging a violation of the Whistleblowers' Protection Act, wrongful discharge, and intentional infliction of emotional distress. The court, John D. Payant, J., granted partial summary disposition in favor of defendants on the wrongful discharge claim, finding that the individual committee members could not bind the city and that the failure to reappoint Johnson did not amount to wrongful discharge. The plaintiffs subsequently voluntarily withdrew their intentional infliction of emotional distress claim. The court then dismissed the plaintiffs' claim that defendants had violated the Whistleblowers' Protection Act. Plaintiffs appealed as to the dismissal of their wrongful discharge claim only.

The Court of Appeals *held:*

1. The trial court did not err in granting summary disposition to defendants on plaintiffs' wrongful discharge claim. The city charter provided that the city engineer had to be appointed by the mayor and a three-fifths vote of the aldermen elect every two years. The Personnel and Labor Committee and individual city council members had no authority to bind the

Rᴇꜰᴇʀᴇɴᴄᴇꜱ

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 275 *et seq.,* 493 *et seq.*

Am Jur 2d, Public Officers and Employees §§ 8, 219 *et seq.,* 331 *et seq.*

Doctrine of apparent authority as applied to agent of municipality. 77 ALR3d 925.

city to an employment contract with Robert Johnson. Robert Johnson served as the city engineer for two-year periods, and the failure to reappoint him did not constitute a wrongful discharge.

2. Robert Johnson had no contractual right to employment beyond his two-year appointment. Defendants therefore did not have to afford procedural due process to Johnson when they decided not to reappoint him as city engineer.

Affirmed.

1. MUNICIPAL CORPORATIONS — CONTRACTS — CITY OFFICIALS.

Persons dealing with a municipal corporation through one of its officers must at their peril take notice of the authority of the particular officer to bind the corporation; if the officer's act is beyond the limits of his or her authority, the municipality is not bound.

2. MUNICIPAL CORPORATIONS — CONTRACTS — CITY COUNCIL MEMBERS.

Individual city council members have no power to contractually bind a municipality.

3. LABOR RELATIONS — PUBLIC EMPLOYMENT — PROPERTY RIGHTS — DUE PROCESS.

Public employment in and of itself is not a property interest automatically entitling an employee to procedural due process when the public employer suspends an employment interest; such a property right is one which derives from a contract or statute.

*Stupak, Bergman & Stupak, P.C.* (by *Bart T. Stupak*), for plaintiff.

*Kalen E. Lipe,* for defendant.

Before: GRIBBS, P.J., and CYNAR and J. T. KALLMAN,* JJ.

CYNAR, J. Plaintiffs appeal as of right from the Menominee Circuit Court's June 11, 1987, order granting defendants' motion for partial summary disposition on plaintiffs' wrongful discharge claim. We affirm.

The City of Menominee advertised for applica-

* Circuit judge, sitting on the Court of Appeals by assignment.

tions for the position of city engineer in July and August of 1979. Applications for the position were referred to the Personnel and Labor Committee of the city. During a preemployment interview with the committee, plaintiff Robert L. Johnson was advised that the job appointment was for a two-year period, as mandated by the city charter. Plaintiff Robert Johnson alleges that he was informed by the committee that no one had ever not been reappointed by the mayor and that, as long as plaintiff performed his duties, he would always have a job with the city. Mr. Johnson allegedly relied upon the committee's representations and quit his civil service job in Wisconsin to begin work for defendant City of Menominee on August 6, 1979. Mr. Johnson was reappointed as city engineer in 1980, 1982, and 1984. On February 3, 1986, the Menominee mayor, Vernon Anderle, did not reappoint Johnson as city engineer.

On May 2, 1986, Robert Johnson and his wife, Jane Johnson, filed a complaint against defendants City of Menominee and Vernon Anderle. Count I of the complaint alleged a violation of the Michigan Whistleblowers' Protection Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.*, and Count II alleged a wrongful discharge claim. On June 18, 1986, the complaint was amended to include a third count of intentional infliction of emotional distress.

On June 11, 1987, the trial court granted defendants' motion for partial summary disposition on the wrongful discharge claim pursuant to MCR 2.116(C)(8). The trial court determined that the individual committee members could not bind the city and that the city's failure to reappoint plaintiff Robert Johnson did not amount to a wrongful discharge. The trial court ruled that the Personnel and Labor Committee and individual council members had no authority to reappoint Johnson since,

under the city charter, the city engineer could only be reappointed by the mayor with the consent of three-fifths of the city council.

On July 9, 1987, Jane Johnson was dismissed as a plaintiff under Counts I and II of the complaint. Additionally, Vernon Anderle was dismissed as a defendant under Counts I and II. After reconsidering its earlier order dismissing plaintiffs' wrongful discharge claim, the trial court, on August 18, 1987, again ordered that the wrongful discharge claim be dismissed. On August 28, 1987, the Johnsons voluntarily withdrew their intentional infliction of emotional distress claim. On September 15, 1987, the trial court granted defendant City of Menominee's motion to dismiss Count I of plaintiffs' complaint. Plaintiffs now appeal as of right only as to the wrongful discharge claim.

Plaintiffs argue that the trial court erred in granting summary disposition to defendants pursuant to MCR 2.116(C)(8) because a municipal officer, appointed under a city charter, can assert a claim of wrongful discharge when the officer is not reappointed.

In *Beaudin v Michigan Bell Telephone Co,* 157 Mich App 185, 187; 403 NW2d 76 (1986), this Court stated:

A motion brought under MCR 2.116(C)(8), for failure to state a claim upon which relief may be granted, is to be decided on the pleadings alone. *Wright v Wright,* 134 Mich App 800, 805; 351 NW2d 868 (1984). The motion tests the legal basis of the complaint, not whether it can be factually supported. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery, the motion should be denied. *Haddrill v Damon,* 149 Mich App 702, 704-705; 386 NW2d 643 (1986).

It is fundamental that those dealing with public

officials must take notice of the powers of the officials. *Superior Ambulance Service v Lincoln Park,* 19 Mich App 655, 660; 173 NW2d 236 (1969). Persons dealing with a municipal corporation through one of its officers must at their peril take notice of the authority of the particular officer to bind the corporation. *Id.* If the officer's act is beyond the limits of his or her authority, the municipality is not bound. *Id.,* p 661. Additionally, individual city council members have no power to bind the municipality. *Rasch v East Jordan,* 141 Mich App 336, 345; 367 NW2d 856 (1985).

Generally, no officer or board, other than the common council, has power to bind the municipal corporation by contract. 10 McQuillin, Municipal Corporations (3d ed, 1981 Rev), § 29.15, p 255. Furthermore, where the nature of an office or employment is such as to require a municipal board or officer to exercise a supervisory control over the appointee or employee, together with the power of removal, such employment or contract of employment by the board, it has been held, is in the exercise of a governmental function, and contracts relating thereto must not be extended beyond the life of the board. *Id.,* § 29.101, p 469.

Title V, § 2 of the 1976 Revised Charter of the City of Menominee provides in part:

> At the first regular meeting of the council to be held in February in the year 1978 and every two years thereafter, or as soon thereafter as may be, the Mayor, by and with the advice and consent of the council of a ⅗ths vote of the aldermen elect, shall appoint a . . . city engineer . . . .

In the present case, the Personnel and Labor Committee and individual council members had no authority to reappoint plaintiff Robert Johnson as

the city engineer. The Menominee City Charter expressly limits the authority to appoint the city engineer to the mayor with the consent of a three-fifths vote of the council. Moreover, the city charter did not provide for employment of the city engineer for a term longer than two years. Pursuant to the city charter, the city engineer had to be appointed by the mayor and a three-fifths vote of the aldermen elect every two years. Furthermore, a review of the pleadings indicates that Robert Johnson was aware of this charter provision before he initially accepted the position of city engineer.

Therefore, we find that the individual committee members did not have any authority to bind the city to an employment contract with Robert Johnson. Additionally, we further find that Robert Johnson served as the city engineer for two-year periods and that the failure to reappoint him did not constitute a wrongful discharge.

Plaintiffs also argue that a city charter cannot take away employment rights from public employees without due process. Plaintiffs maintain that Robert Johnson was denied his right to procedural due process when the mayor gave no reason for not reappointing Johnson. We disagree.

In *Engquist v Livingston Co,* 139 Mich App 280, 284-285; 361 NW2d 794 (1984), lv den 422 Mich 912 (1985), this Court stated:

> [A] public employer need not comply with procedural due process in suspending an employment interest unless a public employee has a "property right" in that interest. *Bishop v Wood,* 426 US 341, 347; 96 S Ct 2074; 48 L Ed 2d 684 (1976); *Scott v Ann Arbor,* 76 Mich App 535; 257 NW2d 157 (1977). A property right emanates from a contract or statute; public employment in and of itself is not a property interest automatically entitling an employee to procedural due process. *Board of Re-*

*gents v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972); *Perry v Sindermann,* 408 US 593; 92 S Ct 2694; 33 L Ed 2d 570 (1972).

In this case, Robert Johnson did not have a contractual right to employment beyond his two-year appointment. Accordingly, defendants did not have to afford procedural due process to Johnson when they decided not to reappoint him as city engineer.

Therefore, we hold that the trial court did not err in granting summary disposition to defendants on plaintiffs' wrongful discharge claim.

Affirmed.