60 F.3d 829
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Craig R. SAMUEL, Plaintiff-Appellant, Cross-Appellee,
v.
CITY OF STURGIS, a Municipal Corporation, Jon Good, John
Dobberteen, Susan Bir Barbara Weiderman, Michael
McCarthy, and Carl D. Holsinger,
Defendants-Appellees, Cross-Appellants.
 Nos. 94-1042, 94-1087.
 United States Court of Appeals, Sixth Circuit.
 July 5, 1995.
 
 Before: Jones, Contie, and Batchelder, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Craig Samuel appeals the summary judgment for Defendants in this civil rights action for wrongful discharge. For the reasons set forth below, we find Samuel's claims to be without merit.
 
 I.
 
 2
 In 1990, Samuel was appointed Hospital Administrator for the Sturgis Hospital. At the time of his appointment, none of the defendants specifically informed him that his appointment would be for a one-year period subject to reappointment on an annual basis. As a result, Samuel claims, he was under the impression that he could only be terminated for "just cause."
 
 
 3
 During late 1991 and early 1992, there was a labor dispute between the hospital administration and the union representing certain hospital employees. In the spring of 1992, Sturgis citizens began a petition drive seeking Samuel's resignation from his administrative position. The petition, which Samuel claims to be defamatory, states in relevant part:
 
 
 4
 We the undersigned, believe that the current Sturgis Hospital Administrator, Craig Samuel, has put our hospital at risk while failing to protect and provide for the health care needs of our community. We are therefore demanding his resignation.
 
 
 5
 J.A. at 386. The County Commissioner also wrote a letter to the mayor calling for Samuel's replacement based upon Samuel's handling of union negotiations.
 
 
 6
 On April 22, 1992, the Sturgis City Commission met and voted six to two not to reappoint Samuel. On May 15, 1992, the city's Mayor informed Samuel that he was entitled to a hearing before the Commission on its decision not to reappoint him. Samuel subsequently requested, and was denied, a meeting with the hospital's board of trustees.
 
 
 7
 Samuel filed suit against the hospital and the City Commission, alleging that their actions deprived him of both procedural and substantive due process under the 14th Amendment and 42 U.S.C. Sec. 1983. Samuel also alleged that he was terminated without just cause and in violation of Michigan law. Following the completion of discovery, the lower court granted Defendants' motion for summary judgment. See J.A. at 38-51.
 
 II.
 
 8
 On appeal Samuel argues that he raised genuine issues of material fact as to his due process claims, and that the summary judgment against him was therefore erroneous. "We review a district court's grant of summary judgment de novo.... [I]n a motion for summary judgment, 'credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."' Russo v. City of Cincinnati, 953 F.2d 1036, 1041-42 (6th Cir. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and citing Vollrath v. Georgia-Pacific Corp., 899 F.2d 533, 534 (6th Cir.), cert. denied, 498 U.S. 940 (1990)). Summary judgment is appropriate when the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).
 
 III.
 
 9
 Section 1983 of Title 42 creates a federal cause of action to redress deprivations, under color of state law, of constitutionally protected liberty and property interests. Chilingirian v. Boris, 882 F.2d 200 (6th Cir. 1989). Here, Samuel's due process claims are based upon his allegedly wrongful dismissal from his Hospital Administrator position and allegedly defamatory statements made against him during the removal procedure. To survive summary judgment on the first claim -- a procedural due process claim -- Samuel must first demonstrate that he possessed a cognizable property interest in his continued employment as Hospital Administrator. See Bennett v. Marshall Public Library, 746 F. Supp. 671, 674 (W.D. Mich. 1990). To survive summary judgment on the second claim -- a substantive due process claim -- Samuel must demonstrate (1) that the Defendants made (2) defamatory remarks (3) in the course of terminating Samuel's employment. See Thomson v. Scheid, 977 F.2d 1017, 1020 (6th Cir. 1992), cert. denied, 113 S. Ct. 2341 (1993).
 
 Procedural Due Process
 
 10
 "A person's means of livelihood is commonly recognized as one of the most significant property interests." Bennett, 746 F. Supp. at 674 (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985)). A breach of an implied employment contract by a state actor may support a claim under Sec. 1983. Id. (citing Perry v. Sindermann, 408 U.S. 593, 601-03 (1972)). Of course, to have a cognizable property interest in continued employment, a party must have "more than a unilateral expectation of it. He must instead have a legitimate claim of entitlement to it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." Id.
 
 
 11
 In Michigan, where private employers are concerned, a wrongful discharge claim may be enforceable as a result of a contract or public policy, but there is a presumption of employment "at will." Rood v. General Dynamics Corp., 507 N.W.2d 591, 609 (Mich. 1993). Michigan courts have allowed implied contract theories to be used to defeat an argument that employment was terminable at will. See id.; Toussaint v. Blue Cross & Blue Shield, 292 N.W.2d 880 (Mich. 1980). An objective test is used to determine whether there was mutual agreement to terminate only for "just cause." Rowe v. Montgomery Ward, 437 N.W.2d 268, 273 (Mich. 1991).
 
 
 12
 Michigan courts have not conclusively held that public employees may likewise rely on implied contract theory. Bennett, 746 F. Supp. at 674-75 (citing Matulewicz v. Governor of Michigan, 435 N.W.2d 785, 790 (Mich. Ct. App. 1989)). Because statutory schemes may limit an official's authority to create an implied contract, "Toussaint applies to public employment only where the resulting implied contract does not exceed the controlling body's statutory authority." Bennett, 746 F. Supp. at 675-76.
 
 
 13
 Here, it is undisputed that all appointments by the City Commission were to be made in May of each year. Samuel, however, claims that this did not equate to providing for a term-limit of one year. We agree with the lower court that such a construction is "in fatal opposition" to Johnson v. City of Menominee, 434 N.W.2d 211 (Mich. Ct. App. 1988), and "contrary to a rational reading of the language [of the City's Charter]." See J.A. at 46.
 
 
 14
 In Johnson, a case with nearly identical facts to the present appeal, a Michigan court of appeals upheld summary judgment for the defendants. 434 N.W.2d 211. There, the city opted not to reappoint the City Engineer. The city charter in Johnson provided that "'[a]t the first regularly scheduled meeting of the council to be held in February in the year 1978 and every two years thereafter, ... the Mayor, by and with the advice and consent of the council of a 3/5 vote of the alderman elect, shall appoint a ... city engineer."' Id. at 213. Despite the fact that the City Charter only insured employment for two years, the engineer was told during his interview with the Personnel and Labor Committee that he would be employed as long as he performed his duties. Id. at 212. The Personnel and Labor Committee, however, had no power under the Charter to make appointments. Id at 213.
 
 
 15
 Here, the Sturgis City Charter and a later resolution of the City Commission directs the City Commission to appoint the Hospital Administrator at the first regular meeting in May of each year. The Resolution created the Hospital Board and required it to recommend "for appointment by the City Commission of the City of Sturgis, a competent [Hospital] Administrator who shall be the direct executive representative of the Hospital Board in the management of the Hospital." J.A. at 153. The City Charter provides that "[a]ll appointments made by the City Commission, except as otherwise provided in this Charter, shall be made at the first regular meeting of the City Commission held in the month of May each year." J.A. at 409. No other provision in the Charter was applicable to the appointment of the Hospital Administrator.
 
 
 16
 Thus, even accepting Samuel's claim that he was told that he could only be terminated for just cause, the lower court properly found that "with regard to his employment beyond the appointed term, these individuals would not have had the power or authority to give such an assurance under the charter and the resolution." J.A. at 45 (citing Johnson, 434 N.W.2d at 214). As in Johnson, Samuel had no contractual right or statutory right to employment beyond his appointed term. Nor did he have a reasonable expectation of continued employment. Accordingly, we find that the lower court properly granted summary judgment for the Defendants on Samuel's procedural due process claim.
 
 Substantive Due Process
 
 17
 Samuel's complaint alleges that, in connection with his discharge, Defendants City Commissioners Susan Bir and Carl Holsinger made defamatory statements affecting Samuel's liberty interest. J.A. at 14. The lower court found that Samuel had not raised a genuine issue of material fact as to Defendants' responsibility for the allegedly defamatory statements. We agree.
 
 
 18
 This circuit recently observed that "defamatory statements alone do not constitute a deprivation of a liberty guaranteed by the Fourteenth Amendment." Thomson v. Scheid, 977 F.2d at 1020 (citing Paul v. Davis, 424 U.S. 693, 711-12 (1976)). An actionable claim, however, of deprivation of liberty under the Fourteenth Amendment in the employment context may be maintained if a plaintiff alleges, as here, that the defamation occurred in the course of terminating his employment. Id.
 
 
 19
 We agree with the lower court that Samuel "failed to provide sufficient evidence, even when taken in the light most favorable to him, to enable a rational trier of fact to find for plaintiff or to show that there is a genuine issue for trial." J.A. at 48. Specifically, Samuel provided virtually no evidence that Bir or Holsinger were responsible for disseminating the allegedly defamatory statements. Contrary to Samuel's assertions on appeal, the record is devoid of evidence that Holsinger knew of the petition prior to the day of the Commission's vote not to reappoint Samuel. Nor did he show that either Commissioner actually participated in circulating of the petition. Thus, there was no basis in the evidence for a reasonable juror to infer that Commissioner Bir or Commissioner Holsinger was responsible for the allegedly defamatory statements in the petition.
 
 
 20
 It is well established that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to avoid summary judgment. Anderson v. Liberty Lobby, 477 U.S. at 252.
 
 IV.
 
 21
 Because we find that Samuel failed to establish a due process violation, there is no reason for this court to determine whether Defendant's are entitled to qualified immunity, nor to address Defendants' alternative arguments for affirmance. The lower court's judgment is AFFIRMED.