NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a1015n.06
Filed: December 29, 2005

No. 04-2299

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BRUCE FOX, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT FOR** |
| MAURA CORRIGAN; JOHN D. FERRY, | ) | **THE EASTERN DISTRICT OF** |
| JR.; J. BRUCE KILMER, | ) | **MICHIGAN** |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: COLE and DAUGHTREY, Circuit Judges; BARZILAY, Judge.[*]

**BARZILAY, Judge.** Plaintiff-Appellant the Hon. Bruce Fox ("Plaintiff"), a former Michigan state judge with senior judge status, brought this 42 U.S.C. § 1983 action claiming violations of his rights and liberties guaranteed by the Fifth and Fourteenth Amendments. Plaintiff sought declaratory and injunctive relief against Defendants in their official capacities related to his ability to sit as a visiting judge, as well as damages from them in their individual capacities. He appeals the district court's dismissal of his suit based on qualified immunity grounds. Based on Plaintiff's failure to allege violations of constitutionally cognizable rights, the district court's dismissal of the case is AFFIRMED.

_____

[*] The Honorable Judith M. Barzilay, Judge of the United States Court of International Trade, sitting by designation.

**BACKGROUND**

Since his retirement in 1993, Plaintiff has held senior judge status and served as a visiting judge in Michigan state courts on several occasions. His last assignment was rejected in April 2004 by the Michigan State Court Administrative Office ("SCAO"). Defendant Maura Corrigan ("Corrigan"), Chief Justice of the Michigan Supreme Court and the SCAO administrative officer, advised Plaintiff by letter that she agreed with the SCAO's recommendation, explaining that the decision was based on complaints about Plaintiff's record of poor attendance during business hours as a judge. Plaintiff sued Defendants Corrigan, John D. Ferry ("Ferry"), the State Court Administrator for Michigan judicial matters for the SCAO, and J. Bruce Kilmer ("Kilmer"), a regional administrator within the SCAO for Michigan judicial matters, in their administrative capacities and sought injunctive relief. Plaintiff alleged that Defendants' actions caused a constitutional injury to his professional stature as a senior judge, which he attained after twenty-four years of service as an elected district court judge. He claimed that the rejection of his last assignment barred him from serving as a judicial officer in any capacity in any Michigan court. Upon Defendants' motion, the district court denied Plaintiff's motion for injunctive relief and dismissed his complaint with prejudice. Plaintiff filed objections to the district court's judgment, asserting that the court's ruling did not dispose of the entire case and that the case should not have been decided solely on grounds of qualified immunity. The district court denied Plaintiff's motion because Plaintiff failed to establish a violation of a cognizable constitutional right.

**DISCUSSION**

The Court reviews *de novo* a dismissal for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), construing the complaint in the light most favorable to the plaintiff and accepting as true all well-pleaded factual allegations. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000).

This Court evaluates violations of due process rights claims based on a two-step analysis. First, the Court determines whether the plaintiff has a property or liberty interest that entitles him to due process protection. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). Next, if the plaintiff has such an interest, the Court must determine "what process is due." *Loudermill*, 470 U.S. at 541 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

### A. Plaintiff's Property Interest Claim

Plaintiff claims that he had a constitutionally protected property interest in his professional status, attained through years of educational, business, and political effort, and that his "senior judge" status entitles him to serve as a visiting judge. Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 576-78 (1972) (finding that contract, such as collective bargaining agreement, may create property interest). "[P]ublic employment in and of itself is not a property interest automatically entitling

3

an employee to procedural due process." *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir.

1989) (citing *Johnson v. Menominee*, 173 Mich. App. 690, 695, 434 N.W. 2d 211 (1988)

(citation omitted)).

The only statute Plaintiff cited to support his claim describes the requirements for

obtaining "senior judge" status.[1]  Plaintiff has not presented any other basis for his statutory

entitlement claim.  Contrary to Plaintiff's assertion that his senior judge status entitles him to

judicial appointments, the Michigan Constitution provides that "the supreme court *may* authorize

persons who have been elected and served as judges to perform judicial duties for limited

periods or specific assignments."  MICH. CONST. Art. 6, § 23 (emphasis added).  *See Jama v.*

*Immigration and Customs Enforcement*, 543 U.S. 335, 125 S. Ct. 694, 703 (2005) ("The word

'may' customarily connotes discretion.").  Consistently, the relevant state statute renders the

authorization of judicial assignments discretionary.  *See* MICH. COMP. LAWS § 600.226.  ("The

supreme court may authorize any retired judge from any court to perform judicial duties in any

---

[1] The relevant statute provides:
"senior judge" means a former justice of the supreme court, or a former judge of the court of appeals, circuit court, recorder's court, probate court, district court, common pleas court, or a municipal court, who meets all of the following requirements:
a) Was once elected to judicial office in this state.
(b) At the time of assignment under this section, does not hold a judicial office by appointment or election.
(c) Has never been removed from judicial office pursuant to article VI or article XI of the state constitution of 1963, or as otherwise allowed by law.
(d) Is a member in good standing of the state bar of Michigan
(e) Is a legal resident of this state.
MICH. COMP. LAWS § 600.557.

4

court in the state."). Underscoring this discretion, the Michigan Supreme Court enacted a rule that directs the State Court Administrator to "recommend to the Supreme Court the assignment of judges where courts are in need of assistance." MICH. CT. R. 8.103(4). Because the grant of assignment is discretionary, there is no entitlement to such judicial assignments. *See Chilingirian*, 882 F.2d at 203-04.

### B. Plaintiff's Liberty Interest

Plaintiff claims that MICH. COMP. LAWS § 600.557 also confers a protected liberty interest to sit as a visiting judge. A person has a protected liberty interest in his "reputation, good name, honor, and integrity," as well as in "being free to move about, live, and practice his profession without the burden of an unjustified label of infamy." *Joelson v. United States*, 86 F.3d 1413, 1420 (6th Cir. 1996) (citing *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989); *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 366 (9th Cir. 1976). In the employment context, "a plaintiff must demonstrate stigmatizing governmental action which so negatively affects his or her reputation that it effectively forecloses the opportunity to practice a chosen profession." *Roth*, 408 U.S. at 573-74. Plaintiff maintains that Defendants damaged his professional reputation in the legal community, essentially depriving him of future assignments.

As discussed earlier, while MICH. COMP. LAWS § 600.557 gives Plaintiff senior judge status and makes him eligible for assignment work, no state law grants him an affirmative or vested right to serve as a judge. Plaintiff has not alleged how his eligibility to receive future assignments was permanently impaired or how his reputation was publicly marred. *See Joelson*, 86 F.3d at 1415-16, 1421 (finding that attorney did not have liberty interest in being assigned

future cases as bankruptcy trustee and that "[l]iberty interests 'are not implicated . . . by allegations of improper or inadequate performance, or, in some cases, by charges of incompetence, neglect of duty or malfeasance.'"). He did not claim that the letter rejecting his assignment was made public or that Defendants made a public statement detrimental to his reputation. *See id.* at 1421 (observing same). Plaintiff's allegations simply do not rise to a constitutional violation. Furthermore, because no constitutional violation occurred, the Court need not address Plaintiff's arguments regarding qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Toms v. Taft*, 338 F.3d 519, 524 (6th Cir. 2003).

## CONCLUSION

Plaintiff failed to demonstrate that he has a federal or state right to be appointed as a visiting judge; he is merely eligible to receive judicial assignments at the discretion of the Michigan Supreme Court. Therefore, the judgment of the lower court dismissing Plaintiff's complaint is AFFIRMED.