MICHIGAN CIVIL SERVICE COMMISSION
*v.* LOCAL 1342, AFSCME, AFL-CIO

1. ADMINISTRATIVE LAW—AGENCY RULES—JUDICIAL ENFORCEMENT.

   An executive agency must be rigorously held to the standards by which it professes its actions to be judged.

2. ADMINISTRATIVE LAW—CIVIL SERVICE COMMISSION—RECOGNIZED EMPLOYEE ORGANIZATION—DUES CHECKOFF—SUSPENSION.

   Civil Service Commission exceeded its authority in suspending the dues checkoff system for a recognized state employee organization because of the union's engaging in prohibited strike activity where the commission rules and regulations did not provide for suspension of dues checkoffs as a possible penalty for employee strikes and the commission's own policy statement unequivocally granted recognized employee organizations payroll deduction of union dues (MCLA § 24.108).

Consolidated appeals from Lapeer, James P. Churchill, J., and from Wayne, John D. O'Hair, J. Submitted Division 2 January 12, 1971, at Detroit. (Docket Nos. 8793, 9028.) Decided March 29, 1971.

The Michigan Civil Service Commission suspended dues checkoff rights of Locals 1342 and 567 American Federation of State, County and Municipal Employees, AFL-CIO, for engaging in prohibited strike activity. The union locals appealed

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 277–314.
[2] 15 Am Jur 2d, Civil Service §§ 6, 8–11, 16–19.
    48 Am Jur 2d, Labor and Labor Relations §§ 181–186.

to circuit courts.   Reversed.   The Commission appeals.   Cases consolidated.   Affirmed.

*MacLean, Seaman, Laing & Guilford* (by *Kenneth Laing, Jr.*), for plaintiff.

*Zwerdling, Miller, Klimist & Maurer* (by *A. L. Zwerdling*), for defendants.

Before: V. J. BRENNAN, P. J., and FITZGERALD and LEVIN, JJ.

V. J. BRENNAN, P. J.   This is an appeal by the Michigan Civil Service Commission from adverse rulings in the circuit courts[1] of Wayne and Lapeer Counties.   The two cases were consolidated on this Court's own motion.

Local Unions 1342 (State Liquor Wholesalers) and 567 (Lapeer State Home) were organized as affiliates of Council 7 of the American Federation of State, County, and Municipal Employees, AFL-CIO.   They were organized pursuant to the "employee relations policy" of the Civil Service Commission which provides in part:

*"Recognition:* The Civil Service Commission, as a public agency charged by the Constitution with the regulation of all conditions of employment, and with responsibility for the public interest of all citizens equally, will grant recognition to employee organizations coming within the definition stated in this policy  *  *  *  .   Recognition shall continue

---

[1] The defendants made application first to this Court, then to the Michigan Supreme Court, for leave to appeal two orders of the commission. *Civil Service Commission* v. *Local 1342, AFSCME, AFL-CIO* (1969), 382 Mich 782.   Leave was denied for lack of jurisdiction but without prejudice to proceed in circuit court under the Administrative Procedure Act.   MCLA § 24.101 *et seq.* (Stat Ann 1969 Rev § 3.561[21.1] *et seq.*).   Petitions to review the commission's ruling were then filed in circuit court.

so long as such organization satisfies the criteria for such recognition."

The definition of an employee organization is defined as:

"*Employee Organization:* Any lawful association, organization, or union composed of employees in the Michigan State Classified Service, having as its primary purpose the improvement of conditions of employment; but not including any organization (1) which asserts the right to strike, or which imposes a duty or obligation to conduct, assist or participate in any such strike, * * * ."

In September and October of 1968, both unions allegedly engaged in some prohibited strike activity. Thereafter, the commission issued show cause orders to each union ordering them to show cause why recognition should not be withdrawn. After hearings at which extensive testimony was taken, the commission determined that the prohibited activity had in fact occurred. Although the commission might have withdrawn recognition, instead it ordered that the union were no longer to be provided with payroll deduction of dues ("dues checkoff"). It is the position of the defendant unions that in so doing the commission exceeded its authority. We agree.

The pertinent section of the employee relations policy dealing with dues checkoffs provides:

"*Dues Collections:* Recognized employee organizations will be provided with the payroll deduction system for the collection of dues."

It is undisputed that the locals were "recognized employee organizations" both before and after the order suspending dues checkoffs.

The commission contends, however, that the order was proper on two grounds. First, the commission

urges that since dues checkoff is a condition of employment,[2] it may properly make this type of order under its constitutional power to "regulate all conditions of employment in the classified service." Const 1963, art 11, § 5. Secondly, it is argued that the power to withdraw complete recognition contains within it the power to exact penalties short of nonrecognition.

Neither of the commission's arguments meet the issue in this case. We are not concerned here with whether the commission *could have* included a revocation of dues checkoff in its policy; nor are we concerned with the commission's authority to exact a different, although more severe, penalty. We are faced, rather, with the unequivocal language in the commission's own policy statement to the effect that recognized employee organizations will be provided with dues checkoffs, and with the undisputed fact that nowhere in the rules and regulations of the Civil Service Commission is there provision for a suspension of dues checkoffs as a possible penalty for engaging in strike activity. Accordingly, what was said in the concurring opinion of Mr. Justice Edwards in *Dillon* v. *Lapeer State Home and Training School* (1961), 364 Mich 1, 26, is applicable here:

" 'An executive agency must be rigorously held to the standards by which it professes its action to be judged. See *Securities & Exchange Commission* v. *Chenery Corp.*, [1943] 318 US 80, 87, 88 (63 S Ct 454, 87 L Ed 626). Accordingly, if dismissal from employment is based on a defined procedure, even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed. See *Service* v. *Dulles* [1957], 354 US 363 (77 S Ct 1152, 1 L Ed 2d 1403). This judicially

---

[2] *NLRB* v. *Reed & Prince Manufacturing Co.* (CA 1, 1953), 205 F2d 131, *cert. den.* (1953), 346 US 887 (74 S Ct 139, 98 L Ed 391).

evolved rule of administrative law is now firmly established and, if I may add, rightly so.' " Quoting with approval from *Vitarelli* v. *Seaton* (1959), 359 US 535, 546, 547 (79 S Ct 968, 3 L Ed 2d 1012).

Since the standards by which the commission professes itself to be judged do not provide for suspension of dues checkoffs as a penalty for engaging in certain activities and since suspension is inconsistent with the commission's policy statement that recognized employee organizations will be provided with dues checkoffs, we believe that the order suspending them was arbitrary and cannot stand. MCLA § 24.108 (Stat Ann 1969 Rev § 3.560[21.8]).

For the foregoing reasons, the judgment in favor of the defendants is affirmed.

Affirmed.

All concurred.