SCOTT v CITY OF ANN ARBOR

1. Judgment—Summary Judgment—Labor Relations—Municipal Corporations—Administrative Remedies—Employee Reinstatement—Appeal Procedures—Abandonment of Appeal.

Summary judgment for failure to exhaust administrative remedies was proper where a plaintiff, seeking reinstatement as a city employee with damages, benefits and back pay, was given notice of the defendant city's departmental appeal procedure, requested information, but then apparently abandoned the appeal after starting an action in the trial court.

2. Municipal Corporations—Administrative Law—Labor Relations—Rules and Regulations—Employee Suspensions—Defined Procedure—Strict Adherence.

A city's rules and regulations on discipline which restrict suspensions to not more than one month and contain no authority for retroactive dismissal should be followed and if an employee's dismissal is based on a defined procedure, even though generous beyond the requirements that bind such agency, that procedure should be scrupulously observed.

3. Municipal Corporations—Administrative Law—Labor Relations—City Employee—Lost Wages—Right to Relief—Appeal Procedures—Administrative Remedies.

A discharged or suspended city employee who may be entitled to lost wages should not be deprived of a right to seek this relief without being given the opportunity to complete the appeal of her dismissal thus exhausting her administrative remedies.

4. Municipal Corporations—Labor Relations—Court of Appeals—Reversal of Conviction—Suspension of Employee—Probable Cause—Request for Reinstatement.

Reversal of a discharged or suspended city employee's conviction

REFERENCES FOR POINTS IN HEADNOTES
[1] 15A Am Jur 2d, Civil Service § 80.
[2] 15A Am Jur 2d, Civil Service § 55.
[3] 15A Am Jur 2d, Civil Service § 88.
[4] 15A Am Jur 2d, Civil Service § 66.
[5] 15A Am Jur 2d, Civil Service § 68.
[6] 15A Am Jur 2d, Civil Service § 78.

for embezzlement by the Court of Appeals does not entitle the employee to reinstatement in her job because conviction is conclusive proof of probable cause to dismiss her; however, that reversal is a factor to be considered in determining the employee's request for reinstatement.

5. MUNICIPAL CORPORATIONS—LABOR RELATIONS—EMPLOYEE SUSPENSIONS—HEARINGS—DUE PROCESS—TERMINATION OF EMPLOYMENT.

Suspension of a city employee without a hearing is not a denial of due process where the employee had no property right in the job, was an employee at will, not on civil service or a member of a union, and where the employment could be terminated for a good reason, bad reason, or no reason at all.

6. MUNICIPAL CORPORATIONS—LABOR RELATIONS—REINSTATEMENT OF EMPLOYEE—STATUTE OF LIMITATIONS—LACHES—CRIMINAL PROSECUTIONS—PROMPT ACTION BY EMPLOYEE.

A discharged or suspended city employee's action for reinstatement is not barred by the statute of limitations or laches where the language of the employee's suspension notice and its acceptance makes no requirement that the employee take any action prior to the termination of a criminal prosecution for embezzlement and the employee acted promptly after reversal of that conviction.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted June 24, 1977, at Lansing. (Docket No. 27964.) Decided July 6, 1977. Leave to appeal applied for.

Complaint in three counts by Blanche W. Scott against the City of Ann Arbor seeking reinstatement as a city employee, damages, restitution of sick leave and vacation time benefits, monies in the retirement fund plus interest, and for her last paycheck. Summary judgment for defendant on two of the counts. Plaintiff appeals. Reversed and remanded.

*Garris & Garris,* for plaintiff.

*Melvin J. Muskovitz,* Assistant City Attorney, for defendant.

Before: D. F. WALSH, P. J., and QUINN and H. D.
STAIR,* JJ.

QUINN, J. Plaintiff filed this action to secure
reinstatement as a city employee, for money dam-
ages and restitution of sick leave and vacation
time benefits, monies in the retirement fund plus
interest and for her last pay check. The complaint
contains three counts, namely: wrongful discharge
or suspension, wrongful continuation of suspension
and restitution. Defendant moved for summary
judgment on counts one and two on four grounds.
The motion was granted on the basis of grounds
three and four. Plaintiff appeals.

For some time prior to July 14, 1967, plaintiff
was employed as a principal clerk-typist in defend-
ant's department of building and safety engineer-
ing. On that date she received the following letter:

"I have just talked to Mr. Wheeler and he suggested I
write you concerning your status with the City of Ann
Arbor.

"I regret to report that as of Friday, July 14, 1967
your status is that of suspension. The personnel action
form for the suspension indicated the following: 'Mrs.
Waters has been arrested on the charge of embezzling
funds from the City Building and Safety Engineering
Department. Mrs. Waters is being suspended without
pay pending court action and further investigation.
Effective July 14, 1967.'

"The effect of this action is as follows: no accumula-
tion of sick time or vacation time during the period of
suspension, no payment of holiday pay during the pe-
riod of suspension, no payment by the City of hospitali-
zation or life insurance (if you would like these to
continue you would be able to pay the premiums by
check yourself), and any other fringe benefit that I have
not included."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

from the director of personnel.

Thereafter, plaintiff was bound over for trial and was tried and convicted by a jury on the embezzlement charge. Her appeal to the Court of Appeals resulted in a reversal without a new trial because of insufficient evidence to prove the crime or plaintiff's participation in it. Reversal occurred January 15, 1973.

By letter of her attorney dated January 29, 1973, plaintiff requested reinstatement with back pay. This commenced negotiations between the attorneys for the parties which continued through 1973 without result. January 8, 1974, plaintiff was advised that she was dismissed as of July 14, 1967. Plaintiff was also advised:

"Should you wish to appeal, you may do so within five (5) days, upon receipt of this letter, in writing to the head of your department, Mr. Harold Rothbart. The appeal procedure can be explained to you in detail."

January 12, 1974, by letter from her attorney, plaintiff gave notice of appeal and requested the offered information on the appeal procedure. January 14, 1974, the present action was filed and there is nothing in the record to indicate what, if anything, further was done on the requested appeal.

In granting summary judgment for defendant on counts one and two, the trial court held:

1. That plaintiff had failed to exhaust her administrative remedies.

2. The reversal of plaintiff's conviction did not entitle her to reinstatement.

With respect to the notice of dismissal dated January 8, 1974, effective July 14, 1967, the trial court properly found failure to exhaust adminis-

trative remedies. Plaintiff gave notice of appeal and requested information on appeal procedure but then apparently abandoned the appeal when this action was filed.

However, defendant's rules and regulations on discipline restrict suspensions to not more than one month and they contain no authority for retroactive dismissal. If dismissal from employment is based on a defined procedure, even though generous beyond the requirements that bind such agency, that procedure must be scrupulously observed, *Michigan Civil Service Commission v Local 1342, AFSCME, AFL-CIO,* 32 Mich App 104; 188 NW2d 219 (1971). Thus plaintiff may be entitled to lost wages from August 14, 1967 to January 8, 1974, and she should not be deprived of her right to seek this relief without being given the opportunity to complete the appeal of her dismissal and thus exhaust her administrative remedies. This reasoning applies to both counts one and two. Therefore, the trial court is reversed and counts one and two are reinstated.

Reversal of plaintiff's conviction did not entitle her to reinstatement for the reasons aptly stated by the trial court. Conviction is conclusive proof of probable cause, *Nawrocki v Eberhard Foods, Inc,* 24 Mich App 646; 180 NW2d 849 (1970). However, that reversal is a factor to be considered in determining her request for reinstatement.

In order to limit the issues to be tried and to avoid being revisited by this litigation on the basis of grounds one and two of defendant's motion for summary judgment, not decided by the trial court, we address those grounds.

The first relates to plaintiff's claim that she was denied due process by suspension without a hearing. Defendant's motion for summary judgment

alleged no such violation because plaintiff had no property right in her job. Defendant is correct in its position. Plaintiff was an employee at will. She was not on civil service nor was she a member of a union. As stated in *MERC v Reeths-Puffer School District,* 391 Mich 253, 259; 215 NW2d 672 (1974), she could be terminated for a "good reason, bad reason, or no reason at all".

In ground two of the motion for summary judgment, defendant claimed that if there was an action it was barred by the statute of limitations or laches. We find this claim to be without merit. To have any validity factually, this claim must relate back to plaintiff's suspension of July 14, 1967. In view of the language of the suspension notice and plaintiff's acceptance of it, she was not required to take any action prior to termination of her criminal prosecution, *Locke v Macomb County,* 387 Mich 634; 199 NW2d 166 (1972). Plaintiff acted promptly after reversal of her conviction.

Reversed and remanded with costs to plaintiff.