DANELE E. CHERRY, A MINOR, BY JOHN R. WYLDE, JR., HER GUARDIAN AD LITEM, v. ERNEST E. CHERRY AND ANOTHER.

203 N. W. 2d 352.

December 15, 1972—No. 43317.

*Douglass, Bell, Donlin, Shultz & Petersen* and *Thomas J. Lyons,* for appellant.

*Rider, Bennett, Egan, Johnson & Arundel, William T. Egan,* and *David J. Byron,* for respondents.

Heard before Knutson, C. J., and Otis, Kelly, and Gunn, JJ.

KELLY, JUSTICE.

Plaintiff is an infant who has brought suit against her parents for personal injuries received when she was 8½ months old. The

trial court directed a verdict for defendants because the alleged negligent act involved an exercise of ordinary parental discretion with respect to the provision of housing and other care. Plaintiff appeals from the district court's denial of her motion for a new trial. We affirm.

The facts are well stated in an excellent memorandum by the trial court as follows:

"The testimony, which was uncontradicted, revealed that the accident happened in the home of the father and mother of the minor child who was 8½ months old at the time of the accident. The sequence of events is as follows: The mother went upstairs to get the child from its bed, came downstairs and placed the child on the living room floor while the mother went into the kitchen and prepared breakfast. In the living room was a table lamp with a cord that went across the floor to an extension cord which was connected to a floor socket. There was nothing defective about the lamp, cords, nor the socket. The mother knew that the child had started to play with the cord on occasion just as it had played with other objects which it was able to reach and the mother had tried by talking to the child and slapping the child's hands [to teach it] to stay away from these objects it might pull off a table or might play with on the floor. After the breakfast was prepared, the mother returned to the living room and picked up the child and fed the child in the kitchen. After feeding the child, the mother returned the child to the living room floor and returned to the kitchen to get a cup of coffee and to clean up the kitchen a little before taking the child back upstairs for its morning bath. While in the kitchen for a period of about a minute and not more than two minutes with the child being out of sight of the mother, the mother heard a popping or sizzling sound and a cry and returning to the living room found the child had sustained an injury to the mouth and there was damage to the lamp cord where it connected with the extension cord. There is no question but that the injury sustained by the

child was as a result of an electrical burn from the electrical cord setup."

This court abrogated the general rule of parental immunity for negligent tort actions in Silesky v. Kelman, 281 Minn. 431, 161 N. W. 2d 631 (1968). Parents, however, are still immune from suit "where the alleged negligent act involves an exercise of ordinary parental discretion with respect to provisions of food, clothing, housing, medical and dental services, and other care." 281 Minn. 439, 161 N. W. 2d 636. The issue in this case is whether the facts come within the above exception.

The act of using an extension cord for a lamp in the living room is, we think, an act of ordinary parental discretion with respect to housing and other care. As such, public policy demands that the parent be immune from claims of negligence. As the Wisconsin Supreme Court said in Lemmen v. Servais, 39 Wis. 2d 75, 79, 158 N. W. 2d 341, 344 (1968):

"The familial obligations imposed by nature because of the parental relationship, imperfect though they may sometimes be because of the ever present common denominator of human behavior, are quite distinct from the general obligation which the law imposes upon everyone in all his relations to his fellowmen, and for the breach of which it gives a remedy. * * *

"A new and heavy burden would be added to the responsibility and privilege of parenthood, if within the wide scope of daily experiences common to the upbringing of children a parent could be subjected to a suit for damages for each failure to exercise care and judgment commensurate with the risk."

The trial court's order directing a verdict for defendants was correct.

Affirmed.

MR. JUSTICE MACLAUGHLIN, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.