PAIGE v BING CONSTRUCTION COMPANY

1. Negligence—Torts—Parent and Child—Infants—Parental Immunity.

   A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent except: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child, and (2) where the alleged negligent act involved an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.

2. Judgment—Summary Judgment—Failure to State Claim—Test—Court Rules.

   The test of a motion for summary judgment on the grounds that a complaint fails to state a cause of action is whether a plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

3. Negligence—Torts—Parent and Child—Infants—Negligent Supervision—Parental Immunity.

   A child's claim against his parent for negligent parental supervision is barred by the doctrine of parental immunity; therefore the defendant in a case for the wrongful death of a child may not maintain a third-party action for contribution against a child's parents based on negligent parental supervision.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 March 6, 1975, at Detroit. (Docket No. 20771.) Decided May 30, 1975. Leave to appeal denied, 395 Mich 751.

Complaint by Bernard Paige, as administrator of the estate of Kathleen Paige, deceased, against

References for Points in Headnotes

[1, 3] 59 Am Jur 2d, Parent and Child §§ 151, 152.
[2] 73 Am Jur 2d, Summary Judgment § 26.

Bing Construction Company for wrongful death. Third-party complaint by defendant against Bernard and Patricia Paige for contribution arising out of negligent parental supervision. Summary judgment for third-party defendants. Third-party plaintiff appeals. Affirmed.

*Sommers, Schwarz, Silver, Schwarz, Tyler & Gordon, P. C.* (by *Donald J. Morbach*), for Bing Construction Company.

*Bernard N. Portnoy, P. C.,* for Bernard and Patricia Paige.

Before: ALLEN, P. J., and McGREGOR and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. This appeal arises from the trial court's dismissal of the complaint filed by the defendant and third-party plaintiff, Bing Construction Company, against third-party defendants, Bernard and Patricia Paige.

On October 5, 1971, Kathleen Paige, a 2-1/2-year-old daughter of Mr. and Mrs. Paige, fell into a man-made hole on the defendant's construction site. As a result of this tragic accident, the child died a few days later. On November 26, 1973, plaintiff Bernard Paige, acting as administrator of the estate of Kathleen Paige, filed a wrongful death action in Oakland County Circuit Court. The complaint alleged that Bing Construction Company negligently allowed an uncovered and unguarded pit to exist on the site.

On December 17, 1973, Bing filed a third-party complaint for contribution against Bernard and Patricia Paige for negligent parental supervision. The third-party defendants moved for summary judgment on the grounds that the complaint failed

to state a cause of action upon which relief could be granted and that there was no genuine material issue of fact and they were entitled to a judgment as a matter of law. GCR 1963, 117.2(1), 117.2(3). This summary judgment motion was granted against third-party plaintiff Bing "for the reason that the third party complaint does not state a cause of action * * * ".

This case involves the application of *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972), in which the Michigan Supreme Court abrogated the doctrine of parental immunity. The decision, however, established exceptions to the principle:

"A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent. Like our sister states, however, we note two exceptions to this new rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." 388 Mich 1, 8.

The trial court in this case apparently determined that the third-party plaintiff's claim was legally insufficient.

"The test which the court should apply in considering motions under GCR 1963, 117.2(1) is whether plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery." *Crowther v Ross Chemical Co,* 42 Mich App 426, 431; 202 NW2d 577 (1972).

Testing the motion by the pleadings, we must decide whether there exists in this jurisdiction a cause of action for negligent parental supervision

in the circumstances of this case. That question can only be answered by applying the two *Plumley* exceptions.

The two exceptions have been construed by courts in other jurisdictions with varying results. The Wisconsin Supreme Court recently held that a parent's failure to provide proper supervision to a child injured while playing on a swing did not fall within either of the two exceptions. *Cole v Sears, Roebuck & Co,* 47 Wis 2d 629, 634–635; 177 NW2d 866, 869 (1970), held:

"Supervision of a child's play indeed involves an area which is essentially parental, but society does not exact a legal duty with respect to such an obligation as is the case with providing a child with food, housing, medical and dental services and education. In this regard, construing 'other care' as that term is used in relation to the phrase 'food, clothing, housing, medical and dental services,' does not warrant an expansion of immunity into an area of parental transactions which is not essentially concerned with providing a child with such similar necessities."

One Minnesota decision, however, leans in the other direction. In *Cherry v Cherry,* 295 Minn 93; 203 NW2d 352 (1972), the Minnesota Supreme Court held that a child could not maintain a suit against her mother for negligence where the child had been injured as the result of biting into an electrical cord. After seeing the child playing with a table lamp cord, the mother nonetheless left the child unattended for a short time. The Court held that this claim came within the second immunity exception and the mother's acts were an exercise of ordinary parental discretion with respect to the provision of care for the infant.

In addition to *Cherry,* the Appellate Division of the New York Supreme Court has recently ruled

that lack of supervision of an unemancipated child by his parent does not constitute an actionable tort. *Lastowski v Norge Coin-O-Matic, Inc,* 44 AD2d 127; 355 NYS2d 432 (1974). The status of the case law on this subject in New York differs somewhat from that of Michigan in that the parental immunity doctrine there has apparently been completely abrogated. See *Gelbman v Gelbman,* 23 NY2d 434; 297 NYS2d 529; 245 NE2d 192 (1969).

Both *Cole* and *Cherry* consider the parental supervision cause of action from the standpoint of the second exception, *i.e.,* the exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, and other care. We believe the first exception is even more relevant to the viability of a negligent parental supervision claim.

According to *Plumley,* where the alleged negligent act involves the exercise of reasonable parental authority over the child, the parents are immune from suit. While we note at the outset that this scheme is so general that it is difficult to apply the ambiguous exception to particular fact situations, we conclude that the first exception to the abrogation of parental immunity does apply so as to bar a claim of negligent parental supervision. A parent's exercise of authority over his or her child involves more than discipline. It includes the providing of instruction and education so that a child may be aware of dangers to his or her well being. We find it impossible to separate such general phenomena as authority and supervision. In order to adequately supervise a child, every parent knows that some amount of discipline is inextricably involved. The right to exercise authority over a child certainly includes the responsibility to supervise that child's behavior.

Besides our construction of the *Plumley* exceptions, a cause of action for negligent parental supervision, without a legislative standard, poses problems from a common sense point of view. Both *Elbert v Saginaw,* 363 Mich 463; 109 NW2d 879 (1961), and *Lapasinskas v Quick,* 17 Mich App 733; 170 NW2d 318 (1969), rejected the injection of parental fault onto the record of a case against parents. *Elbert* took judicial notice of the impossibility of a parent knowing what a child is doing at all times—despite utmost vigilance. 363 Mich 463, 480.

Parents have a social and moral obligation to provide maintenance and guidance for their children, and the state benefits from their meeting this obligation. The law does step into this private relationship where the child's well-being is seriously affected. See MCLA 750.135, 750.136, 750.161 *et seq.;* MSA 28.330, 28.331, 28.358 *et seq.* Each parent has unique and inimitable methods and attitudes on how children should be supervised. Likewise, each child requires individualized guidance depending on intuitive concerns which only a parent can understand. Also, different cultural, educational and financial conditions affect the manner in which different parents supervise their children. Allowing a cause of action for negligent supervision would enable others, ignorant of a case's peculiar familial distinctions and bereft of any standards, to second-guess a parent's management of family affairs considerably beyond these statutory protections.

Despite the rapidly changing nature of our society in these the most turbulent of times, there is a continuing need for parental discipline and control over children within the sphere of the family. We conclude that to take a step which could unduly

disturb and further erode the harmony of the family is unwarranted considering the practical impossibility of logically distinguishing between "authority" and "supervision" on a case-by-case basis. If such a cause of action is to be created, it should come from the Legislature and not this Court.

Affirmed. Costs to plaintiffs.