**Mark WILLS, Appellant,**

v.

**K–MART CORPORATION, Defendant,**

**Dennis Wills, Respondent.**

No. C3–83–962.

Supreme Court of Minnesota.

Sept. 21, 1984.

Gene P. Bradt, Randall W. Sayers, St. Paul, for appellant.

Jerome C. Briggs, Minneapolis, for respondent.

COYNE, Justice.

Plaintiff Mark Wills appeals from an order of the district court granting summary judgment in favor of his father, Dennis

Wills, on the basis of parent-child tort immunity. We reverse.

On October 3, 1979, 15-year-old Mark Wills was injured while splitting wood. A metal splinter from the maul Mark was using to drive a wedge purchased from K-Mart struck him in the eye; as a result Mark has lost the sight in his left eye.

On his son's behalf, Dennis Wills commenced an action against K-Mart alleging liability for the sale of the wedge without warning of the need to use protective eyewear. In a counterclaim alleging that the boy's injury was sustained because of his father's negligent supervision, K-Mart sought indemnity from Dennis Wills. When Mark attained his majority, he amended his complaint to include a direct action against Dennis alleging that Dennis negligently instructed Mark regarding the use of the wedge, negligently failed to provide protective eyewear, and negligently furnished a defective maul.

After Mark and K-Mart had entered into a *Pierringer* release, Dennis Wills moved for summary judgment on the ground of parental immunity. On this appeal from the order for summary judgment, the sole issue presented is the propriety of the district court's application of the law with respect to parental immunity.[1]

In *Silesky v. Kelman*, 281 Minn. 431, 161 N.W.2d 631 (1968), this court abrogated the doctrine of parent-child tort immunity subject to the following two exceptions: "(1) Where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care * * *." *Id.* at 442, 161 N.W.2d at 638. More recently, in *Anderson v. Stream*, 295 N.W.2d 595 (Minn.1980), we concluded the *Silesky* test for parental immunity was

both too uncertain and arbitrary in application to justify its continued existence, and prospectively abandoned it in favor of the more flexible "reasonable parent" standard of liability. *Id.* at 598–99. Because this matter arose prior to *Anderson*, it must be resolved pursuant to the *Silesky* standard of parent-child tort immunity.

In the 16 years since *Silesky* was decided, we have only once construed either of the *Silesky* exceptions. In *Romanik v. Toro Co.*, 277 N.W.2d 515 (Minn.1979), we held that the second exception applied, in addition to the types of care specifically enumerated, only to those acts of parental discretion involving "other care" of a kind similar to those enumerated. We declined, however, to construe the first exception. Noting that "an exercise of reasonable parental authority" has been interpreted both broadly to include supervision as well as discipline, *see Wagner v. Smith*, 340 N.W.2d 255 (Ia.1983); *Paige v. Bing Construction Co.*, 61 Mich.App. 480, 233 N.W.2d 46 (1975); *Holodook v. Spencer*, 36 N.Y.2d 35, 364 N.Y.S.2d 859, 324 N.E.2d 338 (1974), and narrowly to restrict the term to discipline, *Horn v. Horn*, 630 S.W.2d 70 (Ky.1982); *Thoreson v. Milwaukee and Suburban Transport Co.*, 56 Wis.2d 231, 201 N.W.2d 745 (1972), we found it unnecessary to adopt either construction. In *Romanik* the father had entrusted a snowblower, a potentially dangerous piece of machinery, to his 13-year-old son and had negligently instructed him to operate it contrary to the operator's manual. We held that such an affirmative act of negligence involving a foreseeable, unreasonable risk of injury to a child could not be characterized as negligent supervision.

Similarly, the complaint before us alleges acts of affirmative negligence. Although a maul and a wedge are simple tools rather than a complex machine potentially dangerous because of its moving parts, Mark alleges that his father furnished a danger-

---

**1.** In their statements of the facts giving rise to this action, both parties draw heavily on depositions which are not part of the district court file. While it may be, as respondent contends, that he is entitled to summary judgment because the uncontroverted facts would not support a finding that he was negligent, his motion was based only on immunity and we have before us only the allegations contained in the pleadings.

ously defective maul without providing protective eyewear and that he negligently instructed him on the use of the wedge. On these pleadings Dennis' liability, if there be any, rests not on breach of a duty arising out of the parent-child relationship but upon that elementary principle of negligence law that one who undertakes to act, even though gratuitously, is subject to the duty to act with reasonable care.

Reversed and remanded.

SIMONETT, Justice (dissenting).

This appeal concerns the *Silesky* limitations on parental tort immunity. It applies only to tort actions by children against their parents occurring after September 27, 1968, the effective date of *Silesky v. Kelman*, 281 Minn. 431, 161 N.W.2d 631 (1968), and before July 3, 1980, the effective date of *Anderson v. Stream*, 295 N.W.2d 595 (Minn.1980). It seems to me that *Silesky* has not abrogated immunity in this case and, therefore, I respectfully dissent.

*Silesky* decided that a child could sue his mother or father except "(1) [w]here the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of ordinary parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care * * *." 281 Minn. at 442, 161 N.W.2d at 638. *Silesky* opened up the whole area of automobile accidents to family litigation. The question is how much more litigation does it allow?

This appeal concerns the first exception involving "reasonable parental authority." Does it apply to matters of discipline only, whatever that phrase means? Or does it also apply to parental supervision? In *Romanik v. Toro Co.*, 277 N.W.2d 515 (Minn. 1979), we avoided answering this question, holding that, in any event, entrusting "a potentially dangerous piece of machinery" to a child (specifically, a snowthrower) involved neither parental discipline nor supervision.

It seems to me the term parental authority includes both discipline and supervision. This is why the *Silesky* court, in adopting the parental authority exception, instead of attempting to distinguish between discipline and supervision, added the modifier "reasonable." Reasonable parental authority, in this context, does not refer to the measure of care exercised by the parent (*see Anderson v. Stream*, 295 N.W.2d 595, 598 (Minn.1980)), but to how far parental authority for discipline, instruction, and supervision extends before the child can sue the parent. The ambit of this protected area must be "reasonable." This is a policy question, keeping in mind that *Silesky* intended to preserve parental immunity in those areas most deeply affecting the parent-child relationship. In determining the ambit of protected parental activity, the court must consider such factors as the age of the child and the kind of activity involved and where it takes place.

The test is admittedly imprecise. A mother's failure to instruct a child adequately about running in the street does not come within protected parental authority. *Thoreson v. Milwaukee and Suburban Transport Co.*, 56 Wis.2d 231, 201 N.W.2d 745 (1972). Neither does a father's decision to allow a son to drive an unlicensed motorbike on the highway. *Horn v. Horn*, 630 S.W.2d 70 (Ky.1982). On the other hand, this court has held that a mother was immune where her 8½-month-old child was burned when playing with an extension cord in the home while the mother was preoccupied for a few minutes elsewhere. *Cherry v. Cherry*, 295 Minn. 93, 203 N.W.2d 352 (1972). True, in *Cherry*, we said immunity came under the second exception for parental discretion with respect to "housing and other care," but immunity could just as well (and perhaps more accurately) have been based on the first *Silesky* exception as involving negligent supervision of a child playing in a typically furnished home.

Here we have a high-school-age boy, performing a common household chore with simple tools around the house. Whether the father should have allowed the boy to

use the old metal maul that had been around the house for years under these circumstances comes within the ambit of reasonable parental authority. I would not allow the son to sue his father.

KELLEY, Justice (dissenting).

I join in the dissent of Justice Simonett.