HADDRILL v DAMON

Docket No. 78538. Submitted July 3, 1985, at Lansing.—Decided March 17, 1986.

Kevin Haddrill, a minor child of Shirley and Gary Haddrill, sustained injuries, while riding a dirt motorcycle, when he was struck by another dirt motorcycle ridden by John C. Damon, a minor. Plaintiffs, Shirley Haddrill, as next friend of Kevin Haddrill, Shirley Haddrill, individually, and Gary Haddrill, filed suit in Oakland Circuit Court against John C. Damon and his parents William and Betty Damon, Robert Cinquemani, owner of the dirt motorcycle ridden by John C. Damon, Paul A. Lovchuk, Mary Lovchuk, Marquita Lovchuk, Garrett Sales and Management Co, Inc., Lake Shore Development Co., Hamlin Associates, who had interests in the Avon Township property where the accident occurred, and Gary Haddrill, the father. The circuit court, Robert C. Anderson, J., granted summary judgment in favor of Gary Haddrill on the basis that the plaintiffs had failed to state a claim upon which relief can be granted, since plaintiffs' claim was barred by the doctrine of parental immunity. Plaintiffs appealed. *Held:*

1. A child may maintain a lawsuit against his parent for injury suffered as a result of the alleged ordinary negligence of the parent except where (1) the alleged negligent act involves an exercise of reasonable parental authority over the child, or (2) the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental service and other care.

2. Plaintiffs' claim, that Gary Haddrill was negligent in providing his 12-year-old son with a dirt motorcycle and in failing to properly train, educate or supervise him in its use, falls within the scope of reasonable parental authority over the son and is cloaked with immunity.

3. Gary Haddrill, although named as a plaintiff and a defen-

REFERENCES

Am Jur 2d, Parent and Child §§ 151-164.

Liability of parent for injury to unemancipated child caused by parent's negligence—modern cases. 6 ALR4th 1066.

dant in the pleadings, may not properly be both a plaintiff and a defendant in the same suit.

Affirmed.

1. PARENT AND CHILD — NEGLIGENCE — IMMUNITY.

A child may maintain a lawsuit against his parent for injury suffered as a result of the alleged ordinary negligence of the parent except where (1) the alleged negligent act involves an exercise of reasonable parental authority over the child, or (2) the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services and other care.

2. PARENT AND CHILD — NEGLIGENCE — IMMUNITY.

A claim by a child based on negligent parental supervision is barred by the parental authority exception to the rule which abrogates parental immunity in a suit by a child; a parent's provision of instruction and education to a child so that the child may be aware of dangers to his or her well-being is a reasonable exercise of parental authority over the child.

*Bebout, Potere, Cot & Hughes, P.C.* (by *Francis P. Hughes*), for plaintiff.

*Romain, Donofrio & Kuck, P.C.* (by *Michael P. Daniels*), for defendant.

Before: SHEPHERD, P.J., and R. B. BURNS and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Plaintiffs, Shirley Haddrill, individually and as next friend of Kevin Haddrill, a minor child, and Gary Haddrill brought a negligence action in circuit court against several defendants, including defendant Gary Haddrill, the father. The circuit court granted Gary Haddrill's motion for summary judgment premised on GCR 1963, 117.2(1). Plaintiffs, appeal as of right. The sole issue for our consideration is whether the minor child's claim against his father, Gary Haddrill, is barred by the doctrine of parental immu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

nity. We hold, as did the trial court, that it is, and affirm its grant of summary judgment.

On May 16, 1982, 12-year-old Kevin Haddrill was riding his 1979 100cc Yamaha dirt bike on property located in Avon Township owned by defendants Paul A. Lovchuk, Mary Lovchuk, Marquita Lovchuk, Garrett Sales & Management Company, Inc., Lake Shore Development Company, and Hamlin Associates. As Kevin emerged from a wooded area, he was struck by a larger 250cc dirt bike operated by defendant John Charles Damon, a minor. He sustained serious injuries which have resulted in permanent impairment and disability, including paralysis and mental deficiencies.

Plaintiffs' second amended complaint alleges negligence against Kevin's father, Gary Haddrill. It is claimed in paragraphs 42 through 44 that Gary Haddrill purchased his son's dirt bike and helmet and that he: negligently entrusted the dirt bike to his 12-year-old son; failed to instruct the child in its proper use; failed to supervise the boy's use of the bike; and further that he knew the bike and helmet were inherently dangerous, especially when he entrusted the bike to the boy without properly instructing him in its use and without properly supervising him.

The circuit court granted Gary Haddrill's motion for summary judgment on the ground that the claim was barred by the doctrine of parental immunity. We think that this was proper. Motions brought under GCR 1963, 117.2(1) are to be decided on the pleadings alone. *Wright v Wright*, 134 Mich App 800, 805; 351 NW2d 868 (1984). The motion tests the legal basis of the complaint, not whether it can be factually supported. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery, the motion should be

denied. *McCallister v Sun Valley Pools, Inc,* 100 Mich App 131, 135; 298 NW2d 687 (1980), *lv den* 411 Mich 905 (1981).

At common law, a minor could not sue his or her parents in tort. *Elias v Collins,* 237 Mich 175, 177; 211 NW 88 (1926) (BIRD, C.J., dissenting in part). *Elias* was overruled by *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972), in which the Supreme Court abrogated the doctrine of parental immunity in suits by children against parents for negligence, subject to the following two exceptions:

> "A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent. Like our sister states, however, we note two exceptions to this new rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." 388 Mich 8 (Footnote omitted.)

Gary Haddrill moved for summary judgment relying on the first of these two exceptions. This Court has consistently held that a suit such as this one, grounded upon negligent parental supervision, falls within the first *Plumley* exception.[1] See *Wright v Wright, supra,* pp 806-807; *McCallister v*

---

[1] In *Mayberry v Pryor,* 134 Mich App 826; 352 NW2d 322 (1984), immunity was extended to the foster parents of a child, who faced a suit for negligent supervision by the child's real mother, for allowing the child to be attacked by a neighborhood German shepherd dog. The Supreme Court reversed on the ground that foster parents cannot invoke the defense of parental immunity and therefore may be held liable for negligent conduct which injures their foster child. *Mayberry v Pryor,* 422 Mich 579; 374 NW2d 683 (1985). The Court did not reach the issues of whether negligent supervision of a child falls within the purview of the parental immunity doctrine and, if so, whether the reasonableness of the alleged parental conduct is a question of law or fact.

*Sun Valley Pools, Inc, supra,* pp 137-139; *Hush v Devilbiss Co,* 77 Mich App 639, 643-644; 259 NW2d 170 (1977); *Paige v Bing Construction Co,* 61 Mich App 480, 485; 233 NW2d 46 (1975), *lv den* 395 Mich 751 (1975). The parent-child relationship is a special one and not every act or omission by a parent can be regarded as actionable negligence. Prosser & Keeton, Torts (5th ed), § 122, p 908. New York courts have also barred suits for negligent supervision entirely. See, *e.g., Holodook v Spencer,* 36 NY2d 35; 364 NYS2d 859; 324 NE2d 338, 346 (1974); *Nolechek v Gesuale,* 46 NY2d 332; 413 NYS2d 340; 385 NE2d 1268 (1978) (involving parents' decision to permit minor child to use a motorcycle).

We conclude that the asserted negligence of Gary Haddrill in providing his son with a 100cc dirt bike and in failing to properly train, educate or supervise him in its use falls within the scope of "reasonable parental authority" over the child and is cloaked with immunity under *Plumley v Klein, supra.* Providing instruction and education so that a child may be aware of dangers to his or her well-being is also included in the definition of "reasonable parental authority". *McCallister v Sun Valley Pools, Inc, supra,* p 139; *Paige v Bing Construction, supra,* p 484. A parent may determine, in the exercise of "reasonable parental authority", that his or her child may or may not ride a dirt bike. Plaintiffs' claim against the father is therefore barred by the doctrine of parental immunity. Summary judgment was proper under GCR 1963, 117.2(1).[2]

---

[2] We note that the pleadings in the lower court file show the father, Gary Haddrill, as both a plaintiff and a defendant in this case. Perhaps Gary Haddrill's insurance company was the real defendant. While Gary Haddrill has never been included as a plaintiff on appeal, one cannot be a plaintiff and a defendant in the same suit. *Harrison v Ford Motor Co,* 370 Mich 683, 687-689; 122 NW2d 680 (1963).

Nor does plaintiffs' reliance on *Grodin v Grodin,* 102 Mich App 396; 301 NW2d 869 (1980), *lv den* 412 Mich 867 (1981), alter our result. In *Grodin,* this Court denied automatic immunity to a mother in a negligence action for prenatal injuries to her child arising out of her ingestion of tetracycline during pregnancy and remanded for a determination of the reasonableness of the alleged negligent conduct. *Grodin,* however, dealt with the second *Plumley* exception and commission of an allegedly dangerous act rather than negligent supervision, as here. We decline to apply *Grodin* to this case.

Affirmed.