ALMLI v SANTORA

Docket No. 84784. Submitted May 8, 1986, at Marquette. Decided
    August 18, 1986.

Thomas Almli, individually and as conservator of the estate of
    Troy T. Almli, a minor, and June Almli, brought an action in
    the Marquette Circuit Court against Agnes J. Santora, Dennis
    J. Hillier, Scott Perry and the Marquette County Board of Road
    Commissioners for damages sustained as a result of Troy's
    having been struck by an automobile driven by Santora. The
    accident occurred on slippery roads when Troy Almli and
    others were sliding down a snow-covered hill and coasted onto
    the road below. Plaintiffs filed suit individually and on behalf of
    their son on November 18, 1982. Defendants Hillier and Perry
    are the owners of the properties on which the snow-covered
    hill, commonly used by children for sledding, was located.
    Defendant Board of County Road Commissioners is the govern-
    mental agency responsible for maintaining the county roads.
    Defendants filed a counterclaim against plaintiffs seeking con-
    tribution and damages on the ground that plaintiff parents had
    negligently supervised their minor son. Plaintiffs moved for
    summary judgment for failure to state a claim. The court,
    Raymond J. Jason, J., denied the motion. Plaintiffs appealed by
    leave granted.

    The Court of Appeals held:

    Third parties are barred from obtaining contribution, based
    on negligent supervision, from parents of an injured minor

REFERENCES

Am Jur 2d, Contribution § 65.

Am Jur 2d, Negligence § 377.

Am Jur 2d, Parent and Child §§ 112, 151-164.

Negligence of one parent contributing to injury or death of child as
    barring or reducing damages recoverable by other parent for
    losses suffered by other parent as result of injury or death of
    child. 26 ALR4th 396.

Right of tortfeasor to contribution from joint tortfeasor who is
    spouse or otherwise in close familial relationship to injured party.
    25 ALR4th 1120.

Liability of parent for injury to unemancipated child caused by
    parent's negligence-modern cases. 6 ALR4th 1066.

even where the damages are claimed by the parents in their individual capacity.

Reversed and remanded.

1. PARENT AND CHILD — TORTS — NEGLIGENCE — PARENTAL IMMU-
NITY.

A child may maintain a lawsuit against his parents for injuries suffered as a result of the alleged ordinary negligence of the parent except (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child, and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.

2. CONTRIBUTION — PARENTAL IMMUNITY.

Third parties are barred from obtaining contribution on the basis of negligent supervision, from parents of an injured minor even where the damages are claimed by the parents in their individual capacity.

*Kukkonen & Kliber, P.C.* (by *James E. Kliber*), for plaintiffs.

*Kendricks, Bordeau, Adamini, Keefe & Smith, P.C.* (by *William R. Smith*), for defendant Scott Perry.

*Solka & Mercier* (by *Thomas L. Solka*), for defendant Marquette County Board of Road Commissioners.

Before: T. M. BURNS, P.J., and J. H. GILLIS and M. J. KELLY, JJ.

M. J. KELLY, J. This is an interlocutory appeal in which plaintiffs seek reversal of the trial court's order denying their motion to dismiss defendants' counterclaims. After due consideration of the relevant case law, we reverse the trial court's decision and remand for entry of an order pursuant to MCR 2.116(C)(8), by which defendants' counterclaims against plaintiff parents and plaintiff minor

child shall be summarily dismissed as nonactionable.

Plaintiffs Thomas and June Almli are the parents of plaintiff Troy Almli who, on March 20, 1982, sustained serious and permanent injuries after being struck by an automobile operated by defendant Agnes Jane Santora. The accident occurred on slippery roads when Troy Almli and others were sliding down a snow-covered hill and coasted onto the road below.

Plaintiffs filed suit individually and on behalf of their son on November 18, 1982. Defendants Dennis John Hillier and Scott Perry are the owners of the properties on which the snow-covered hill, commonly used by children for sledding, was located. Defendant Board of County Road Commissioners is the governmental agency responsible for maintaining county roads according to MCL 224.21; MSA 9.121 and MCL 691.1402; MSA 3.996(102). On November 14, 1983, defendant Hillier filed a counterclaim against Thomas and June Almli in their individual capacities and in Thomas Almli's representative capacity, seeking contribution and damages, if any, on the ground that plaintiff parents had negligently supervised their minor son Troy. The other defendants subsequently filed similar counterclaims, to which plaintiffs responded with a motion for summary judgment for failure to state an actionable claim. The motion was denied by order of April 19, 1985, and plaintiffs' application for leave to appeal that order was granted by this Court on August 12, 1985.

The issue here is whether Michigan's limited rule of parental immunity bars defendants' counterclaims for negligent parental supervision. Our review of the case law persuades us that, although the Michigan Supreme Court has said little on this

difficult subject, the current state of appellate law bars defendants counterclaims as nonactionable.

In 1972, the Michigan Supreme Court abandoned the common-law rule of parental immunity which it had previously adopted in *Elias v Collins,* 237 Mich 175, 177-178; 211 NW 88 (1926), in favor of the more limited rule announced in *Plumley v Klein,* 388 Mich 1, 8; 199 NW2d 169 (1972):

> The case of *Elias v Collins, supra,* which provides for intra-family tort immunity is overruled. A child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent. Like our sister states, however, we note two exceptions to this new rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.

Following the Supreme Court's decision in *Plumley,* this Court has addressed the lengths and limits of the parental immunity rule announced therein. Primary focus has been on claims of negligent parental supervision, which have been presented to this Court in one of three general contexts. Depending on the context involved, the viability of a claim or a counterclaim for negligent parental supervision has been differently treated by the various panels of this Court.

The first context within which claims of negligent parental supervision have arisen is suits by minor children against one of the parents for injuries sustained as a direct result of that parent's failure to properly supervise and control the child's activities. This Court has held that such

claims by the child are barred under the first exception announced in *Plumley*. Thus, where a father negligently leaves his seven-year-old daughter in a friend's automobile in which there is also a gun, he may not be sued by the daughter or her mother for injuries sustained when the daughter accidently shoots herself. *Wright v Wright*, 134 Mich App 800; 351 NW2d 868 (1984). Similarly, where a father negligently provides his minor son with a dirt motorcycle and fails to adequately train or supervise the son in the use of that bike, he may not be held liable in tort for the injuries sustained by his son as a result of the son's improper use of the bike. *Haddrill v Damon*, 149 Mich App 702; 386 NW2d 643 (1986). In these cases, the parents' conduct is viewed as conduct falling within "the exercise of reasonable parental authority over the child" and the parent is thus not liable to the child in tort.

The second context within which claims of negligent parental supervision have arisen involves suits by third parties who have been injured by the acts of a minor child. The parents of that minor are sued not by the minor but by the injured third party. In these situations, the parent may not escape liability to the third party under Michigan's limited parental immunity rule, which protects parents from liability for injuries to their child arising out of negligent parental supervision but not from liability for injuries to third persons. See *American States Ins Co v Albin*, 118 Mich App 201; 324 NW2d 574 (1982), lv den 417 Mich 955 (1983), and *Zokas v Friend*, 134 Mich App 437; 351 NW2d 859 (1984).

In this case, we are not presented with a minor child's suit against a parent nor are we presented with a third party suit against the parents of a minor tortfeasor. Here, a minor child and his

parents have filed an action in tort against third parties for injuries suffered by the child as the result of the third parties' claimed negligence. The third parties have countered with a claim of negligent parental supervision, seeking contribution for damages, if any. Previous panels of this Court which have addressed the issue in this context have applied the parental immunity bar requiring dismissal of the third party's claim against the parents for negligent parental supervision. See *Paige v Bing Construction Co,* 61 Mich App 480; 233 NW2d 46 (1975), lv den 395 Mich 751 (1975), and *Hush v Devilbiss Co,* 77 Mich App 639; 259 NW2d 170 (1977) (where the parental immunity bar was extended to those in loco parentis). Thus, the established law in Michigan is that a parent may not be held liable to a third party for damages incurred by his or her minor child and allegedly caused by the parent's negligent supervision. If the claimed liability is in tort, arises out of alleged negligent parental supervision, and is for damages incurred by the minor child, the parent is protected under Michigan's rule of parental immunity, regardless of who is seeking compensation. We are aware that the Supreme Court recently had opportunity to rule on this Court's application of the first *Plumley* exception to claims of negligent parental supervision. Although the issue was argued and briefed in *Mayberry v Pryor,* 422 Mich 579; 374 NW2d 683 (1985), the Court never decided the issue, instead resolving the case on other grounds.

Defendants argue that, since their cause of action against plaintiff parents is a statutory right of contribution, MCL 600.2925a; MSA 27A.2925(1), which is separate and independent from any cause of action in tort, the bar of parental immunity simply does not apply. Defendants rely for author-

ity on *Sziber v Stout,* 419 Mich 514; 358 NW2d 330 (1984). As made clear in that case, however, the right of contribution assumes a common liability in tort among two or more tortfeasors. See also *O'Dowd v General Motors Corp,* 419 Mich 597, 605; 358 NW2d 553 (1984). In order for defendants in this case to avoid the bar of parental immunity on the ground that they are proceeding with an action for contribution, there must exist a cause of action in tort on the part of the minor child against his parents. Since there is no such cause of action between Troy and his parents, plaintiff parents are not liable as joint tortfeasors and are thus not subject to an action in contribution on the part of the defendants.

Defendants also argue that, even if *Paige v Bing Construction Co, supra,* and *Hush v Devilbiss Co, supra,* were correctly decided, this case may be distinguished on the ground that the parents in this case asserted individual claims as well as claims on behalf of their minor child. Defendants argue that, even if they are barred from asserting a claim of negligent parental supervision against them with regard to damages suffered by the minor child, they should nevertheless be permitted to assert the negligent supervision claim in response to the damages claim asserted individually by plaintiff parents. While this is not an unreasonable argument, we are persuaded that the rationale underlying the decisions in *Plumley, supra,* and *Paige v Bing Construction Co, supra,* warrants application of the parental immunity bar to actions for contribution against parents in their individual capacities as well. We prefer to apply the common law as now established in this jurisdiction. If there are reasons to change the common law or if this Court has misinterpreted the Su-

preme Court's pronouncement of the common law, it is for the Supreme Court to provide us with the appropriate instruction.

Reversed and remanded.