[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 3, 1997
This is a civil action in which Gregorio Ayala, Jr., a minor plaintiff, seeks to recover damages for personal injury due to his alleged exposure to lead-based paint at two residences in Willimantic, Connecticut that he inhabited in 1992 and 1993. The plaintiff has moved to strike the first special defense of each defendant, William C. Meehan, Kurt S. Nygren and Willimantic Printing. These defenses are identical and allege negligent supervision by the parents of the minor plaintiff, Maribel Cruz and Gregorio Ayala, Sr., who are not parties to this action. The defendants claim that the sole purpose of the special defense is to apportion liability under General Statutes § 52-572h. The plaintiff claims the defense is barred by the doctrine of parental immunity.
The defendants argue, however, that reliance on the doctrine of parental immunity is misplaced because they do not seek to recover from the parents but only to gain the benefit of apportionment. They contend that parental negligence must be considered as an apportionment issue even if the parents would be immune from direct suit for negligent supervision of their child.[1] The defendants concede that the parents are not parties in this case although they argue that their status as "next friend" allows them to be treated as parties. CT Page 7218
Under Tort Reform I, the trier of fact could consider the negligence of any other person in the world who was at fault. In enacting Tort Reform II, under whose rubric this case falls, the legislature "limited this universe [of negligent persons] only to those individuals who were parties to the legal action or who were specifically identified in § 52-572h(n)." Donner v.Kearse, 234 Conn. 660, 668-69, 662 A.2d 1269 (1995). Thus, apportionment under § 52-572h is available only against another negligent party to the action or settled or released persons. "[T]he word `party' has a technical legal meaning, referring `to those by or against whom a legal suit is brought . . . the party plaintiff or defendant . . . .' Black's Law Dictionary . . . ." (Citations omitted). Lieberman v.Reliable Refuse Co., 212 Conn. 661, 669, 563 A.2d 1013 (1989).
The fact that Gregorio Ayala, Sr., and Maribel Cruz appear in this action as the "next friends" of the minor plaintiff does not make them parties to the action. "A `next friend' is not a party to an action, but is an officer of the court, especially appearing to look after the interests of the minor . . . whom he represents." Black's Law Dictionary (6th Ed. 1990). While a minor may only bring a civil action through a guardian or next friend,Orsi v. Senatore, 230 Conn. 459, 466, 645 A.2d 986 (1994), the minor is the real party plaintiff in the lawsuit. 42 Am.Jur.2d, Infants, § 161.
Under the liability apportionment system set up by our legislature in Tort Reform II, a defendant could move to implead a nonparty believed to be negligent. However, the same legislation also provided that "no person who is immune from liability shall be made a defendant to the controversy." General Statutes § 52-102. This generated more than some confusion regarding the ability of a defendant to seek to apportion the liability of a person who was immune from recovery. More recently, the legislature adopted Public Act No. 95-111, now codified as General Statutes § 52-102b, which provides that "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section52-572h," § 52-102b(c); thus resolving the split of authority as to whether an immune person could be cited in for apportionment purposes. Catalan v. Machnik Construction Co., Inc., Superior Court, judicial district of New London, Docket No. 535192 (March 8, 1996, Austin, J., 16 CONN. L. RPTR. 285).[2]
CT Page 7219
While not directly applicable to this case, the changes wrought by Public Act No. 95-111 not only make clear the legislature's present policy barring consideration of an immune person's liability for apportionment purposes, but also suggest, when read in light of the language regarding immune persons in § 52-102, that the legislature never intended to allow apportionment based on the liability of an immune person under Tort Reform II. Vandine v. Marley, Superior Court, judicial district of Waterbury, Docket No. 124656 (February 15, 1996, Pellegrino, J.). Such a reading of the pre-95-111 legislation makes sense because the policies underlying immunity from liability would be defeated if claims barred by immunity doctrines could nonetheless be introduced into a case in the guise of apportionment. The doctrine of parental immunity most certainly would bar the inclusion of the plaintiff's parents as apportionment defendants in this case under § 52-102. SeeCooper v. Delta Chi Housing Corp. of Connecticut,41 Conn. App. 61, 65, 674 A.2d 858 (1996).
Moreover, even if the court were to consider the parents to be parties in this lawsuit, the court concludes that the parental immunity doctrine would bar consideration of parental liability for apportionment purposes under the allegations of the first special defense. In two recent rulings involving claims of personal injury based on a minor child's alleged exposure to lead-based paint, this court has determined that the doctrine of parental immunity bars claims alleging negligent parental supervision and the negligent exercise of parental discretion whether raised as a special defense or a counterclaim. Tobin v.Connecticut Housing Finance Authority, Superior Court, judicial district of New Haven, Docket No. 333231 (June 17, 1997, Lager, J.); Norwood v. Gordon, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 472232 (April 28, 1997, Lager, J.). This court concluded that the purposes of the parental immunity doctrine would be defeated if such claims were allowed to stand in these cases.
The parental immunity doctrine seeks to "preserve the integrity and unity of the family and to avoid unnecessarily injecting `the machinery of the state' into the day-to-day exercise of parental discretion." Squeglia v. Squeglia,234 Conn. 259, 265, 661 A.2d 1007 (1995). The exercise of parental supervision and parental discretion is deemed worthy of protection by virtue of immunity, see Restatement (Second) of CT Page 7220 Torts § 895G, comment k, even in those jurisdictions in which parental immunity has otherwise been abrogated. Tobin v.Connecticut Housing Finance Authority, supra, see cases cited at p. 13.
 The supervision, care and instruction of one's child involves issues of parental control, authority and discretion that are uniquely matters of a very personal type. Schneider v. Coe, supra, 684. "Each parent has unique and inimitable methods and attitudes on how children should be supervised. Likewise, each child requires individualized guidance depending on intuitive concerns which only a parent can understand. Also, different cultural, educational and financial conditions affect the manner in which different parents supervise their children. Allowing a cause of action for negligent supervision would enable others, ignorant of a case's peculiar familial distinctions and bereft of any standards, to second-guess a parent's management of family affairs . . ." Paige v. Bing Construction Co., 61 Mich. App. 480, 485, 233 N.W.2d 46
(1975); see also Cherry v. Cherry, 295 Minn. 93, 95, 203 N.W.2d 352 (1972).
Dubay v. Irish, 207 Conn. 518, 527, 542 A.2d 711 (1988).
The allegations against the plaintiff's parents in the first special defense involve their failure to "properly observe and supervise" what he "put in his mouth, chewed on, or ingested" and to generally "supervise and monitor" him and take reasonable precautions for his health and safety. These allegations fall "directly within the scope of claims the doctrine [of parental immunity] is intended to bar." Squeglia v. Squeglia, supra,234 Conn. at 270; see Henderson v. Woolley, 230 Conn. 472, 480,644 A.2d 1303 (1994); Dubay v. Irish, supra, 207 Conn. at 522-28.
Thus, the parental immunity doctrine would prevent the plaintiff's parents from being cited in as apportionment defendants under Tort Reform II. Moreover, even if the parents were parties to this suit, the purposes of the parental immunity doctrine most certainly would be defeated if evidence of negligent supervision of their child could nonetheless be introduced into the case in an effort to reduce the defendants' potential liability. Tobin v. Connecticut Housing FinanceAuthority, supra. While the defendants may perceive this as leading to an inequitable result, it is not an irrational policy to choose to protect immune persons from involvement in CT Page 7221 litigation at the potential cost of some disproportionate liability. Accordingly, the plaintiff's motion to strike the defendants' first special defense is granted.
LAGER, J.