# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 3, 2011

141896

NICOLE MICKEL, Personal Representative of
the Estate of Jordyn Danielle Wilson, Deceased,
      Plaintiff-Appellant,

v

DANIEL WILSON,
      Defendant-Appellee,
and

BRIAN JOHNSON and EMERALD LAKES
VILLAGE HOMEOWNERS ASSOCIATION,
      Defendants.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 141896
COA: 289037
Oakland CC: 2007-085390-NO

On order of the Court, the application for leave to appeal the August 31, 2010 judgment of the Court of Appeals is considered, and it is DENIED, there being no majority in favor of granting leave to appeal.

YOUNG, C.J. (*concurring*).

I concur in the Court's order denying leave to appeal.

I write separately to express my strenuous disagreement with my dissenting colleague's belief that this Court ought to reconsider what remains of the parental immunity doctrine[1] because I vigorously oppose the proposition that "the near-universal

---

[1] *Plumley v Klein*, 388 Mich 1 (1972). *Plumley* abrogated the parental immunity doctrine but retained two exceptions: "(1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care." *Id*. at 8. If one of the exceptions applies, the parent is immune.

existence of liability insurance has attenuated [the] concern that the doctrine's abrogation would endanger intra-family relationships."[2]

No matter how conscientious, parents will inevitably make decisions regarding the care and upbringing of their children that, in hindsight, constitute errors in judgment. Unfortunately, some of these errors may result in harm to a child. However, everyday parental decision-making should not be complicated by the threat of trial lawyers. Permitting a child (or another parent) to sue a parent for an error in judgment because an insurance policy exists does not lead to better parenting—as those who would abolish what remains of parental immunity must posit. In this case, for example, defendant used the restroom and left his daughter momentarily unattended while she played in the shallow water of a lake during a party attended by thirty to fifty people. Tragically, she drowned.[3]

One can be certain that it is not the ordeal of litigation that forms the basis of defendant's regret regarding the outcome of that horrible day. More fundamentally, a monetary judgment against defendant, regardless of the funding source, will not make defendant a better parent to his remaining children. It is axiomatic that not every harm is or should be compensable at law—even when insurance is footing the bill.

Further abrogation of the "parental immunity" doctrine will expose *all* parental decisions regarding the upbringing of their children—however mundane or discretionary—to litigation. However, my dissenting colleague argues that this Court should reconsider the validity of the exceptions to the abrogation of parental immunity articulated by this Court in *Plumley*. I believe that those exceptions are worthy of retention.

What remains of the parental immunity doctrine recognizes that the parent-child relationship merits different treatment for purposes of tort litigation than the relationships between strangers or business associates. The *Plumley* exceptions serve vital purposes, such as the "preservation of domestic tranquility and family unity" and "the need to avoid judicial intervention into the core of parenthood and parental discipline . . . ."[4] The exceptions recognize that "[e]ach parent has unique and inimitable methods and attitudes on how children should be supervised. Likewise, each child requires individualized

---

[2] *Post*, statement of MARILYN KELLY, J. (dissenting).

[3] Plaintiff, defendant's former wife and the mother of the deceased child, sued defendant on behalf of the deceased child for negligent supervision. The Court of Appeals affirmed the trial court's decision to dismiss plaintiff's suit because defendant's conduct fell within the *Plumley* exceptions.

[4] *Hush v Devilbiss Co*, 77 Mich App 639, 645 (1977).

guidance depending on intuitive concerns which only a parent can understand."[5] Thus, although this Court abrogated parental immunity, the *Plumley* exceptions still recognize and preserve the importance of the family unit and the need for its autonomy.[6]

The notion that "the near-universal existence of liability insurance has attenuated [the] concern that the doctrine's abrogation would endanger intra-family relationships" is a singularly misguided and shocking idea. Its animating value is the view that litigation, in and of itself, serves some universal therapeutic goal. Only a lawyer could believe this. Litigation among family members over family problems is not a positive development for our society for any group other than those whose livelihood depends upon the promotion of litigation. Indeed, the fact that insurance might be available to fund litigation between parents over child rearing disputes is likely to promote collusive suits.

Unlike the dissenting Justice, who believes that the doctrine of parental immunity is "ripe for reconsideration,"[7] I do not support treating family members as though they are no different from any other commercial parties to a lawsuit. The family unit is a unique, revered institution under assault from many quarters. This Court ought not be one of its assaulters.

I support retaining the exceptions to the abrogation of parental immunity because the exceptions value the integrity and cohesion of the family rather than promoting litigation. Accordingly, I concur in the Court's order denying the application.

CAVANAGH and HATHAWAY, JJ., would grant leave to appeal.

MARILYN KELLY, J. (*dissenting*).

This is a case involving the alleged failure of a father to provide supervision to his three-year-old daughter while she bathed in an Oakland County lake. The child drowned. The legal issue is whether a lawsuit will lie on behalf of the daughter against the father for his alleged negligence. The concurring justice equates my willingness to entertain this legal question with a belief on my part that family members should be treated like parties to a commercial lawsuit. He suggests that I favor an assault upon the family unit. This is a gross misrepresentation of my position.

My belief is that the Court should grant leave to reconsider the scope and validity of the doctrine of parental immunity for a most appropriate reason: the doctrine is being

---

[5] See *Paige v Bing Construction Co*, 61 Mich App 480, 485 (1975).

[6] See *Hush*, 77 Mich App at 646.

[7] *Post,* statement of MARILYN KELLY, J. (dissenting).

applied differently in different courts throughout the state, and the Court should clarify its status.

Traditionally, Michigan courts followed the common law doctrine of parental immunity. This precluded children from bringing actions grounded in negligence against their parents.[8] However, in 1972 in the case of *Plumley v Klein*,[9] this Court partially abrogated the doctrine. *Plumley*, an automobile negligence case, noted that the modern trend was toward abrogation and that several states that once accepted the doctrine had abandoned it.[10] It also noted that this Court had already moved toward abrogation and that the near-universal existence of liability insurance has attenuated concern that the doctrine's abrogation would endanger intra-family relationships.[11]

This Court then held that:

> [a] child may maintain a lawsuit against his parent for injuries suffered as a result of the alleged ordinary negligence of the parent. Like our sister states, however, we note two exceptions to this new rule of law: (1) where the alleged negligent act involves an exercise of reasonable parental authority over the child; and (2) where the alleged negligent act involves an exercise of reasonable parental discretion with respect to the provision of food, clothing, housing, medical and dental services, and other care.[12]

Although *Plumley* did not entirely abolish the doctrine of parental immunity, it significantly limited it, making immunity the exception rather than the rule. The Court has not revisited the doctrine in 39 years. In the interim, questions have arisen regarding the proper application of what remains of the doctrine. Not surprisingly, lower courts have not always agreed about them.[13]

This case presents an example of the inconsistent application that has resulted. Here, defendant is the deceased child's father and plaintiff's former husband. Plaintiff is

---

[8] *Elias v Collins*, 237 Mich 175 (1926).

[9] *Plumley v Klein*, 388 Mich 1 (1972).

[10] *Id.* at 5-6.

[11] *Id.* at 7.

[12] *Id.* at 8 (citation omitted).

[13] See, e.g., *Mickel v Wilson*, unpublished opinion per curiam of the Court of Appeals, issued August 31, 2010 (Docket No. 289037), p 3 ("We acknowledge that the phrase, 'exercise of reasonable parental authority' has not been consistently interpreted in this Court."). The Court of Appeals also found there to be an "apparent lack of clarity" in this area of the law. *Id.* at 4.

the mother and personal representative of the child. In that capacity, she sued defendant for negligence and gross negligence.

The trial court applied *Plumley* and granted summary disposition to defendant on the ground of parental immunity. It found that plaintiff's allegations of negligent supervision were barred by language in *Plumley* that provides a parent with immunity where "the alleged negligent act involves an exercise of reasonable parental authority over the child."[14]

Plaintiff appealed to the Court of Appeals claiming that, as a matter of law, the trial court erred in applying the parental immunity doctrine. In a split decision, the Court affirmed the lower court, concluding that it had properly applied the doctrine. Judge GLEICHER dissented and urged this Court to revisit the doctrine with a view to entirely abrogating it.

This case raises a significant question left open in *Plumley*—whether the negligent supervision of a child falls within the ambit of the parental immunity doctrine. As Judge GLEICHER astutely noted in her dissenting opinion, it is questionable whether the *Plumley* Court intended to immunize the negligent supervision of a child:

> Logically, it makes no sense that the Supreme Court in *Plumley* rejected a broad form of "intra-family tort immunity" in "the interests of justice and fairness," yet deliberately maintained broad immunity for parental supervision. The supervision of children consumes most of a parent's time and energy. As the case law since *Plumley* demonstrates, a substantial number of tort claims involve allegations falling under the parental supervision umbrella. But, notwithstanding that parental supervision encompasses an enormous range of regular parental activities, the Supreme Court in *Plumley* did not specifically incorporate the term "supervision" in the list of exceptions to immunity. Instead, the Supreme Court shielded from tort liability a discrete and narrowly drawn list of parental acts: "the provision of food, clothing, housing, medical and dental services, and other care." I cannot conceive why the Supreme Court would expressly maintain immunity for discretionary decisions that occur only occasionally, like deciding whether to take a child to the doctor or dentist, yet neglect to mention that it also meant for immunity to cover the single most frequently performed parental task.[15]

---

[14] *Plumley*, 388 Mich at 8.

[15] *Mickel v Wilson, supra,* 2-3 (GLEICHER, J., dissenting) (citations omitted).

Not only is the doctrine being applied inconsistently but, as Judge GLEICHER's dissent suggests, the Court of Appeals may be applying it in circumstances that fall outside the narrow exceptions promulgated in *Plumley*.

This Court has not addressed the doctrine of parental immunity in nearly 40 years. The lack of clarification from the Court has generated confusion and resulted in inconsistent application of the doctrine. Also, as the split Court of Appeals opinion illustrates, a significant question exists about whether parental immunity applies to cases of parents' negligent supervision of their children. For these reasons, I believe that the doctrine of parental immunity is ripe for reconsideration, or at least clarification, by this Court. I would grant leave so that this Court could speak on this issue of jurisprudential significance.

ZAHRA, J., did not participate because he was on the Court of Appeals panel.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 3, 2011

t0531

Clerk